■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RAYMOND, Appellant.—Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 23, 1989, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and sodomy in the first degree.

We reject defendant's contention that County Court erred in permitting the prosecution on cross-examination to question him concerning a prior criminal act despite its similarity to the crimes for which he was being tried. The court inquired into the specific instances that the prosecution wished to use as the basis of cross-examination. The court, after noting, *inter*

*alia,* the significance of defendant's credibility given that it was basically his word against that of the victim, limited the inquiry to only the most recent instance. Under these circumstances, we find that the court properly exercised its discretion in determining the extent the prosecution could use the prior conduct to impeach defendant's credibility *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval,* 34 NY2d 371; *cf., People v Williams,* 56 NY2d 236).* As to defendant's contention that County Court erred in not giving a limiting instruction with respect to this testimony, we note that defendant failed to request such an instruction *(see, People v Williams,* 50 NY2d 996).* As the court noted, the instruction defendant did request had already been given to the jury. In any event, the record in this case shows that the failure to give such an instruction does not require reversal *(see, supra).* Defendant's remaining contention has been considered and rejected as lacking in merit.

Mahoney, P. J., Casey, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.