■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. SKINNER, Appellant. [621 NYS2d 733] —Crew III, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered October 19, 1992, upon a verdict convicting defendant of the crimes of robbery in the first degree, burglary in the first degree, robbery in the second degree (two counts) and burglary in the second degree (two counts).

Defendant was indicted by a Grand Jury in February 1990 and charged with the crimes of robbery in the first degree, burglary in the first degree, robbery in the second degree and burglary in the second degree. The prosecution filed a statement of readiness on February 23, 1990. On March 15, 1991, the indictment was dismissed on the grounds of insufficient Grand Jury evidence, whereupon defendant was reindicted and charged with the same crimes. Defendant was arraigned on the second indictment on May 29, 1991, at which time the prosecution reannounced their readiness for trial.

On this appeal defendant claims, *inter alia,* that the second indictment should be dismissed on the ground that defendant's speedy trial rights have been violated. We disagree. It is now well established that an indictment, which replaces an earlier one in the same criminal action, should relate back to the original accusatory instrument for the purposes of determining the commencement of the six-month readiness period provided for in CPL 30.30 (1) (a) *(see, e.g., People v Lomax,* 50 NY2d 351, 356) where, as here, the prosecution makes a new declaration of readiness following the filing of the new indictment *(see, People v Cortes,* 80 NY2d 201). Inasmuch as the initial statement of readiness was timely, defendant's speedy trial rights were not violated.

We likewise reject defendant's contention that County Court erred in denying his motions for a mistrial when two of the People's witnesses testified as to certain of defendant's prior criminal acts. It is clear that deference should be accorded the trial court's determination as to whether a new trial is necessary in a given case *(see, Matter of Enright v Siedlecki,* 59 NY2d 195, 200). Here, County Court on both occasions gave

the jury curative instructions concerning the objectionable testimony and directed that it not consider such testimony, and our review of the record leads us to conclude that any potential prejudice to defendant was alleviated thereby (see, People v Santiago, 52 NY2d 865, 866; People v Young, 48 NY2d 995, 996).

We are also of the view that there was abundant testimony to corroborate that of defendant's accomplices. Among other things, the detailed account provided by Evelyn Morris, together with her description of defendant, so harmonized with Thomas Seastrand's account of the events as to assure the jury that Seastrand was telling the truth (see, People v Steinberg, 79 NY2d 673, 683; People v Daniels, 37 NY2d 624, 629-630).

We find merit, however, in defendant's contention that his conviction of two counts of the crimes of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]) and burglary in the second degree (Penal Law § 140.25 [1], [2]) should be dismissed because they are lesser inclusory concurrent counts of the crimes of robbery in the first degree (Penal Law § 160.15 [4]) and burglary in the first degree (Penal Law § 140.30 [4]). It is clear that defendant could not commit the greater offenses without, at the same time, committing the lesser offenses and a verdict of guilty of the greater offenses is deemed a dismissal of the lesser counts (see, CPL 300.40 [3] [b]). We have considered defendant's remaining arguments, including the assertion in the pro se brief that the evidence was legally insufficient to prove all elements of the crimes charged, and find them to be without merit.

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as found defendant guilty of two counts of the crimes of robbery in the second degree and burglary in the second degree; said counts are dismissed; and, as so modified, affirmed.