■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL OTERO, Appellant. [629 NYS2d 825] —Crew III, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered June 25, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree and sexual abuse in the first degree (three counts).

Defendant was convicted of one count of sodomy in the first degree and three counts of sexual abuse in the first degree, for which he was sentenced as a second felony offender to concurrent terms of imprisonment of $12^1/2$ to 25 years on the sodomy conviction and $3^1/2$ to 7 years on each of the sexual abuse convictions. On appeal, defendant initially contends that the verdict was not supported by legally sufficient evidence. Contrary to defendant's assertion, we are of the view that the evidence adduced at trial was legally sufficient to establish each element of the crimes charged and, after considering the probative force of the testimony and the varying inferences that can be drawn therefrom, conclude that the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

We likewise reject defendant's contention that County Court erred in not submitting to the jury a charge of attempted sodomy in the first degree as a lesser included offense. While it is theoretically impossible for defendant to have committed the greater crime (sodomy in the first degree) without also having committed the lesser crime (attempted sodomy in the first degree), a reasonable view of the evidence would not permit the jury to conclude that defendant committed the lesser crime but not the greater (see, People v Glover, 57 NY2d 61, 63). Defendant contends that the victim's testimony that defendant "started to lick [her]" implies that he merely attempted to commit the crime of sodomy. We find the more reasonable import of the victim's statement to be that defendant began or commenced licking her, rather than he attempted to do so. Indeed, if there be any doubt in that regard, one merely needs to review the prosecutor's follow-up question wherein he inquired, "When you say he licked [you], did he lick your skin, your actual skin, with his tongue?", to which the victim responded in the affirmative.

Next, defendant asserts that the People infringed upon his

right to remain silent by asserting, during the opening statement, that defendant initially denied any involvement with the victim when questioned by the police. Contrary to defendant's assertion, this is not an instance where he chose to remain silent, but rather denied involvement with the victim, which constituted a portion of the statement that the People introduced against him (see, People v Wolcott, 111 AD2d 513, 515).

We also reject defendant's contention that the People impermissibly offered certain of his oral statements made to the police that were not included in the People's CPL 710.30 notice. The notice specified the People's intention to introduce into evidence a statement given by defendant to the police and contained the sum and substance of such statement. It is axiomatic that the People need not provide a verbatim recitation of defendant's oral responses to questioning by the police (see, People v La Porte, 184 AD2d 803, 804, lv denied 80 NY2d 905). The central function of the notice requirement has been satisfied if, as here, defendant has been provided the sum and substance of his alleged oral statement and given the opportunity to challenge its admissibility (see, People v Holmes, 170 AD2d 534, 535, lv denied 77 NY2d 961). We have reviewed defendant's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.