FOURTH DEPARTMENT, APRIL, 1996

(April 19, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MERRILL, Appellant. [642 NYS2d 126] —Upon remittitur from the Court of Appeals, judgment unanimously affirmed. Memorandum: Defendant's motion for suppression, although made in the alternative to a motion for preclusion, constitutes a waiver of the right to challenge the adequacy of the People's CPL 710.30 notice (*see,* CPL 710.30 [3]; *People v Merrill*, 87 NY2d 948). We reject the argument of defendant that his omnibus motion papers are not properly before us upon remittitur from the Court of Appeals because they were not included in the stipulation to the record on appeal filed pursuant to 22 NYCRR 1000.5 (g) (2). Defendant had an obligation to include the motion papers in the stipulation; they were clearly "pertinent" and necessary to the determination of the central issue on appeal (22 NYCRR 1000.5 [g] [2]). The rule does not contemplate that a defendant may omit a necessary document

to enhance his position on appeal. Moreover, inasmuch as defendant referred to the omnibus motion papers in his brief on appeal, the failure to enumerate those papers on the stipulation to the record should be deemed an inadvertent omission. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Callahan, Doerr and Balio, JJ.