■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER F. CHANOWITZ, Appellant. [749 NYS2d 326] —Crew III, J.P. Appeal from a judgment of the County Court of Ulster County (LaBuda, J.), rendered April 20, 2000, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, menacing in the second degree and criminal possession of a weapon in the fourth degree.

On the evening of September 13, 1998, defendant informed his spouse (hereinafter the victim) that he had a surprise for her in the garage of their marital residence. Defendant then twice blindfolded the victim and escorted her to the garage, but on both occasions informed her that the "surprise" was not yet ready. Unbeknown to the victim, defendant had rigged a pulley to the roof of the garage through which he had threaded a rope with a noose. On the third trip to the garage, defendant lowered the noose over the victim's head, at which point the victim removed the blindfold and noose and observed defendant, who was wearing work gloves, clutching the other end of the rope. At this point defendant, who had been engaged in a long-time extramarital affair, confessed to the victim that he was going to "take her out."

The victim returned to the residence and called her sister, Kelly Longinott. Upon arriving at the victim's residence and learning of the evening's events, Longinott immediately dialed 911, as a result of which Deputy Sheriffs Adrian Dispenza and Craig Meisel soon arrived at the scene. Once there, the Deputies followed Longinott into the house and separated the victim and defendant, whereupon defendant advised Dispenza of his "plan" and informed the Deputy that there was a gun and blindfold in the mudroom closet and that the rope was in the garage.

Defendant subsequently was indicted and charged in a three-count indictment with attempted murder in the second degree, menacing in the second degree and criminal possession of a

weapon in the fourth degree. Following defendant's unsuccessful attempt to suppress the physical evidence and his incriminating statements, he was convicted of all counts after trial and sentenced to a determinate term of imprisonment of 15 years on the attempted murder charge and concurrent one-year sentences on the remaining two charges. Defendant now appeals.

Initially, defendant contends that the Deputies' warrantless entry and arrest in his home violated his constitutional rights under *Payton v New York* (445 US 573), thereby necessitating suppression of all physical evidence and statements obtained. We disagree. Upon the Deputies' arrival at defendant's home, Longinott identified herself as the victim's sister, explained that she was there at the victim's request and, after learning that defendant had attempted to hang her sister, had placed the call to 911. Under the circumstances, the Deputies had a reasonable basis to believe that Longinott possessed the authority to admit them to the house (*see People v Adams*, 53 NY2d 1, 8-9, *cert denied* 454 US 854). In any event, the Deputies clearly were authorized to make the warrantless intrusion here based upon the exigent circumstances that existed. Having been notified that an attempted murder had taken place and that the victim was inside with defendant, the Deputies had every reason to believe that there was an immediate need for their assistance for the protection of the victim (*see People v Mitchell*, 39 NY2d 173, 178-179, *cert denied* 426 US 953).

We similarly reject defendant's contention that the People failed to establish an attempted crime inasmuch as the proof only demonstrated preparation for the crime and not an overt act in furtherance thereof. There can be no doubt that in distinguishing preparatory acts from punishable attempts, a line must be drawn between those acts that are remote and those that are proximate to the crime (*see People v Acosta*, 80 NY2d 665, 670). Here, rigging the rope, covering the garage windows and, indeed, blindfolding the victim and leading her to the garage all were acts preparatory to committing the actual crime. However, once defendant slipped the noose over the victim's head and around her neck and grabbed the other end of the rope with his gloved hands, he committed acts that were proximate to the commission of the crime of murder and, but for the victim's quick response, the jury could and obviously did conclude that defendant would have carried out his purpose.

We also reject defendant's contention that the People impermissibly offered certain of his oral statements made to

Dispenza that were not included in the CPL 710.30 notice. The People's CPL 710.30 notice advised that "the defendant stated that when he was home with his wife * * *, he told her that he had some kind of surprise for her. The defendant said that the surprise was to lure his wife. The defendant said that he blindfolded his wife. The defendant stated that he put an envelope in his wife's hands and lead her out to the garage. The defendant stated that he put a rope around his wife's neck." Dispenza testified to the foregoing at trial and, in addition, testified that defendant told her that after the rope went around the victim's neck, "she broke free and ran into the house." Defendant contends that inasmuch as the latter statement was not included in the People's CPL 710.30 notice, such notice was defective and the statement should have been suppressed. We disagree.

CPL 710.30 requires only that a notice contain, as did the one at issue here, the sum and substance of the alleged statement, not a verbatim recitation thereof (*see People v Otero*, 217 AD2d 796, 797, *lv denied* 87 NY2d 849). Moreover, even assuming that the statement should have been suppressed because it conflicts with defendant's version of events, we find any error in this regard to be harmless inasmuch as the victim confirmed defendant's version of the events when she testified that she stood for some time in the garage talking with defendant prior to returning to the house. We have considered defendant's remaining arguments, including his assertion that the verdict was not supported by legally sufficient evidence, and find them to be equally without merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.