(February 19, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD HENDERSON, Appellant. [772 NYS2d 120]—

Peters, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 15, 2001, upon a verdict convicting defendant of the crimes of rape in the second degree and endangering the welfare of a child (two counts).

After being arrested for an outstanding warrant on an unrelated charge, defendant was questioned by David Smithers, a police investigator, regarding the rape of a 13-year-old girl. During the interrogation, Smithers told defendant that the alleged victim identified defendant as the perpetrator and that the victim had taken, and passed, a voice stress test. This representation was a deliberate falsehood, intending to induce a confession.

Defendant's statement, which included an admission to engaging in sexual intercourse with the victim, was taken by Smithers and keyboarded on a computer. It was printed, read and signed by defendant. He was later charged, by a four-count indictment, with rape in the first degree, rape in the second degree and two counts of endangering the welfare of a child.* After a *Huntley* hearing, County Court found defendant's statement admissible. After trial, defendant was found guilty of rape in the second degree and both counts of endangering the welfare of a child.

Upon appeal, defendant contends that the statement should not have been admitted due to the deception employed by Smithers. We disagree. The deception was neither "so fundamentally unfair as to deny due process" (*People v Tarsia*, 50 NY2d 1, 11 [1980]) nor accompanied by a threat or promise which induced a false confession (*see People v Lussier*, 298 AD2d 763, 764 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Becker*, 288 AD2d 766, 768 [2001], *lvs denied* 97 NY2d 751 [2002]; *People v Walker*, 278 AD2d 852, 853 [2000], *lv denied* 96 NY2d 869 [2001]; *People*

* The second count was based upon an assertion that the rape occurred in the presence of another child.

*v McNeil*, 273 AD2d 608, 609 [2000], *lv denied* 95 NY2d 868 [2000]).

Nor do we find merit to the challenge to a portion of Smithers' testimony which referenced an oral correction made by defendant during the course of the interrogation. While there is no dispute that defendant's full written statement was provided well in advance of trial and that Smithers testified at the *Huntley* hearing that defendant made no changes to that statement, Smithers' trial testimony revealed that defendant made an oral change concerning the duration of penetration while the statement was being prepared. It is this oral correction that defendant contends constitutes a statement which requires notice pursuant to CPL 710.30.

We disagree. Within the parameters of CPL 710.30, the People are not required to provide an exact recitation of the oral statements made by defendant during police questioning; the notice must simply state the sum and substance of the evidence intended to be presented (*see People v Chanowitz*, 298 AD2d 767, 768-769 [2002], *lv denied* 99 NY2d 613 [2003]; *People v Otero*, 217 AD2d 796, 797 [1995], *lv denied* 87 NY2d 849 [1995]; *People v Laporte*, 184 AD2d 803, 804-805 [1992], *lv denied* 80 NY2d 905 [1992]). Even assuming that notice should have been provided concerning this oral correction, such error would have been harmless inasmuch as both statements constituted defendant's admission of penetration.

Cardona, P.J., Mercure, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.

