THIRD DEPARTMENT, JULY, 2005

(July 7, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BROWN, Appellant. [798 NYS2d 551]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Halloran, J.), rendered November 9, 2001, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Defendant was charged with the crimes of burglary in the second degree (three counts) and petit larceny after he stole property from an apartment in a building where he was working as a maintenance man. County Court denied his motion to suppress his statements to police and reached a *Sandoval* compromise regarding his prior criminal charges. Following trial, the jury convicted defendant of petit larceny and one count of burglary in the second degree, resulting in concurrent prison sentences of one year and nine years, respectively. Defendant appeals.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. In defendant's written statement to police, he admitted that he entered the victim's apartment three times to steal property, he hid jewelry in the maintenance closet and he threw a stolen watch down the garbage chute. This confession only needed to be corroborated by evidence that the offense had been committed by someone (*see* CPL 60.50; *People v Guillery*, 260 AD2d 661, 661 [1999], *lv denied* 93 NY2d 971 [1999]). Here there was ample corroborative evidence: police officers and maintenance personnel testified that they retrieved the victim's jewelry from the maintenance closet and her watch from the trash compactor; the victim, although unable to identify defendant in court, testified that she saw the new maintenance man coming out of her apartment; defendant was the only new maintenance man; he had keys to her apartment and the maintenance closet; and one maintenance worker testified that he asked defendant why he stole from an old lady, to which defendant responded, "I don't know." This evidence was sufficient to support the verdict, which was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

County Court did not err in failing to dismiss two counts of burglary as multiplicitous. The three counts of burglary in the indictment were supported by defendant's own statement, in

which he admitted entering the victim's apartment three separate times in order to steal money, jewelry and a watch (*compare People v Nailor*, 268 AD2d 695, 696 [2000]).

County Court properly admitted defendant's statements to the police. The People's CPL 710.30 notice stated that both oral and written statements existed and would be used at trial. Such notice need only give the sum and substance of the oral statement (*see People v Henderson*, 4 AD3d 616, 618 [2004], *lv denied* 2 NY3d 800 [2004]). The written statement sufficiently described the contents of defendant's oral statement, and defendant waived any deficiency in the notice by failing to object to the lack of a separate summary of his oral statement (*see People v Martinez*, 9 AD3d 679, 680 [2004], *lv denied* 3 NY3d 709 [2004]). The police investigator's promise that he would inform the District Attorney of defendant's cooperation in retrieving the watch was not a promise of leniency or the type of assurance that would create a substantial risk that defendant would falsely incriminate himself, so as to render the statements involuntary (*see People v Lyons*, 4 AD3d 549, 552 [2004]; *People v Richardson*, 202 AD2d 958, 958-959 [1994], *lv denied* 83 NY2d 914 [1994]). Accordingly, the court properly denied defendant's suppression motion and permitted the statements to be admitted into evidence.

County Court's *Sandoval* ruling was proper insofar as it permitted the prosecution to question defendant regarding his conviction of a felony and three misdemeanors, without specifying the exact crimes. The court erred in ruling that the prosecution could ask defendant whether he had been arrested for false personation. Impeachment through inquiry into prior arrests is improper because there is "absolutely no logical connection between a prior unproven charge and that witness' credibility" (*People v Cook*, 37 NY2d 591, 596 [1975]; *see People v Parker*, 220 AD2d 815, 816 [1995], *lv denied* 87 NY2d 1023 [1996]; *People v Peterson*, 194 AD2d 124, 129 [1993], *lv denied* 83 NY2d 856 [1994]). In light of the overwhelming evidence of defendant's guilt, we find this error harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

Defendant's argument regarding the jury charge is unpreserved for our review (*see* CPL 470.05 [2]; *People v De Fayette*, 16 AD3d 708, 709 [2005]), and his arguments alleging ineffective assistance of counsel and harshness of his sentence are unpersuasive.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.