THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIUS ZOMBO, Also Known as PETER ROGERS, Appellant. [813 NYS2d 624]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered August 15, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the second degree (Penal Law § 160.10 [3]) and robbery in the third degree (§ 160.05). According to the evidence presented at trial, defendant approached the victim at a gas station while she was pumping gas into her vehicle. He pressed an object against her back and ordered her to give him the keys to her vehicle. The victim pleaded with defendant to allow her five-year-old daughter to leave the vehicle, and defendant agreed. After retrieving her daughter, the victim gave defendant the keys, and defendant instructed her to leave. While walking away from the gas station, the victim observed defendant enter her vehicle. A short time later, defendant again approached the victim. He grabbed her and asked her how to work the alarm on the vehicle. The victim testified that her vehicle has an anti-theft system requir-

ing the operator to press a button inside the vehicle in order to start the vehicle. Instead of so informing defendant, however, the victim told him that the alarm was not activated and that the vehicle should be operable. After defendant returned to the gas station, the victim approached a passerby for assistance. Upon going to the gas station, the passerby was approached by defendant, who asked whether he knew how to operate a remote control vehicle. The passerby accused defendant of stealing the vehicle, and a scuffle ensued. The police arrived and arrested defendant, and the victim identified him as the perpetrator.

We reject the contention of defendant that the evidence is legally insufficient to establish that he stole the vehicle. Penal Law § 160.10 (3) provides that a person is guilty of robbery in the second degree when he forcibly steals property that consists of a motor vehicle. "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (§ 155.05 [1]). The "taking" element of a larceny is satisfied where the defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (*People v Jennings*, 69 NY2d 103, 118 [1986]; *see People v Olivo*, 52 NY2d 309, 318 [1981]). In the event that the stolen property is a vehicle, "movement or motion is not essential to [establish the element of] control" (*People v Alamo*, 34 NY2d 453, 458 [1974]; *see People v Brenia*, 277 AD2d 17, 18 [2000], *lv denied* 96 NY2d 732 [2001]; *see also Olivo*, 52 NY2d at 318 n 6).

Here, in addition to testifying that she observed defendant enter her vehicle, she further testified that her cell phone jack was missing from the vehicle, and the People presented evidence that the cell phone jack was found in defendant's possession after defendant's arrest. The victim also testified that she found a cell phone in her vehicle that did not belong to her. The People therefore presented evidence establishing that, after defendant entered the vehicle and had unsuccessfully attempted to start it, he was compelled to ask both the victim and the passerby how to start the vehicle. Thus, the evidence is legally sufficient to establish that defendant began to "operate the [vehicle] for its intended purpose," thereby bringing the vehicle under his sole dominion and control (*Alamo*, 34 NY2d at 460). Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.