■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BARNES, Appellant. [883 NYS2d 329]—

Kavanagh, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 11, 2008, upon a verdict convicting defendant of the crimes of burglary in the first degree (three counts), burglary in the second degree, menacing in the second degree (three counts), criminal mischief in the fourth degree and harassment in the second degree.

On March 5, 2007, the victim was in the bedroom of her apartment when, at approximately 6:15 A.M., she heard someone behind her utter the word "Bitch." When she turned around, she saw an intruder standing in her bedroom doorway wearing a mask, goggles and a black sweatshirt with a hood pulled over his head. The intruder had a phone cord in his hands, which he snapped and said he was going to use to strangle and kill the victim. He approached the victim, continued to threaten her, dropped the phone cord and then pulled a dog leash or "choke chain" from his pocket and snapped it in the victim's face. When the victim asked the intruder what he wanted, he answered, "I want you to be nice to me. I want you to be nice to people." She recognized the voice as that of defendant, her brother-in-law. A struggle ensued during which the intruder forced the victim onto the bed, punched her and poked her thigh with a screwdriver causing a minor injury. The intruder then fled out of the apartment through the back door. Erica Durham, who lived above the victim's apartment, telephoned 911 when she heard sounds of a struggle coming from the victim's apartment and heard the victim scream defendant's name. After the intruder fled, Durham went to the victim's apartment, gave her the portable telephone she had used to call 911, and the victim, in Durham's presence, told the 911 operator that she believed defendant had broken into her apartment and attacked her.

Defendant was ultimately arrested and charged in a nine-count indictment with burglary in the first degree (three counts), menacing in the second degree (three counts), criminal trespass in the second degree, criminal mischief in the second degree and harassment in the second degree. At the close of the proof at trial, County Court, without objection, submitted to the jury all of the counts contained in the indictment with the exception of the charge of criminal trespass in the second degree. The court submitted, without objection, charges of burglary in the second degree and criminal trespass in the second degree as lesser included offenses. The jury returned a verdict convicting

defendant of all of the charges submitted to it,[1] including the lesser included offense of burglary in the second degree. Defendant was subsequently sentenced to three concurrent prison terms of 18 years on each conviction of burglary in the first degree, a concurrent prison term of 15 years on his conviction for burglary in the second degree, time served for his convictions for menacing in the second degree, criminal mischief in the fourth degree and harassment in the second degree, and five years of postrelease supervision. Defendant now appeals.

First, we reject defendant's claim that County Court erred by admitting into evidence the recording of the 911 telephone call made by the victim's neighbor. This recording contained statements made by witnesses to the event as it was unfolding and during an ongoing emergency. The statements, which were " 'sufficiently corroborated by other evidence' introduced at trial," qualified for admission into evidence pursuant to the present sense impression exception (*People v Foster*, 52 AD3d 957, 961 [2008], *lv denied* 11 NY3d 788 [2008], quoting *People v Brown*, 80 NY2d 729, 734 [1993]) and the excited utterance exception to the rule against hearsay (*see People v Dominick*, 53 AD3d 505, 505-506 [2008]; *People v Rodriguez*, 306 AD2d 686, 688 [2003], *lv denied* 100 NY2d 624 [2003]).

We do agree with defendant that his conviction of the lesser included offense of burglary in the second degree must be vacated.[2] Once the jury found defendant guilty of the greater offense of burglary in the first degree, it should not have rendered a verdict on any lesser included offense to that charge (*see People v Henderson*, 41 NY2d 233, 235 [1976]; *People v Skinner*, 211 AD2d 979, 980 [1995], *lv denied* 86 NY2d 741 [1995]; *see also* CPL 300.40 [3] [b]). As such, County Court should have set aside the jury's guilty verdict on this count and dismissed the charge of burglary in the second degree.

We also find merit in defendant's argument that the indictment charging him with three separate counts of burglary in the first degree contained charges that, as written, were multiplicitous. Although this issue was not properly preserved, we exercise our interest of justice jurisdiction to modify the

---

**1.** Because the jury found defendant guilty of burglary in the second degree, it did not consider the lesser included offense of criminal trespass in the second degree.

**2.** We reach this issue even though there was no objection to this charge being submitted to the jury or to the verdict as rendered, because the People concede that defendant's conviction on this count must be reversed and the charge dismissed (*see* CPL 470.15 [3] [c]; *People v Cruz*, 41 AD3d 893, 894 [2007], *lv denied* 10 NY3d 933 [2008]).

judgment to dismiss two of said counts because the only distinguishing feature of each offense as charged in the indictment is the type of weapon or dangerous instrument displayed by defendant while he was inside the victim's apartment (*see* CPL 470.15 [3] [c]; *People v Moore,* 59 AD3d 809, 810 [2009]; *but see People v Thompson,* 34 AD3d 931, 932 [2006], *lv denied* 7 NY3d 929 [2006]). While three different weapons were displayed by defendant during his encounter with the victim, there was but one break-in committed during the attack. As a result, the multiple charges of burglary in the first degree as set forth in the indictment were clearly multiplicitous (*see People v Aarons,* 296 AD2d 508, 508-509 [2002], *lv denied* 99 NY2d 532 [2002]; *People v Perrin,* 56 AD2d 957, 958 [1977]; *compare People v Brown,* 20 AD3d 577, 578-579 [2005], *lv denied* 5 NY3d 826 [2005]). Therefore, the judgment must be modified by reversing defendant's conviction for burglary in the first degree as set forth in counts two and three of the indictment because they are repetitious and merely a restatement of the charges contained in count one of the indictment.

The same rationale does not apply to the three counts in the indictment charging defendant with menacing in the second degree. Each involved a separate episode that occurred during the encounter during which defendant three times menaced the victim with a different "dangerous instrument" (*see People v Dallas,* 58 AD3d 1019, 1021 [2009], *lv denied* 12 NY3d 815 [2009]). As such, these counts as pleaded in the indictment were not multiplicitous and defendant's conviction on these charges should be affirmed.

Defendant claims that the representation he received was inadequate and deprived him of his constitutional right to counsel. While counsel clearly should have objected not only to the multiplicitous nature of the charges as spelled out in the indictment, but also to the jury's rendition of a verdict that included a conviction for a lesser included offense, his representation of defendant, when viewed as an integrated whole, was both meaningful and effective. In addition to making relevant pretrial motions, counsel presented cogent arguments in a vain attempt to bar the admission into evidence of the 911 tape recording and vigorously cross-examined witnesses who testified against defendant at trial. On balance, his efforts provided defendant with meaningful representation and served to ensure that defendant received a fair trial (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Hamms,* 55 AD3d 1142, 1145 [2008], *lv denied* 11 NY3d 925 [2009]; *People v Ramos,* 48 AD3d 984, 987 [2008], *lv denied* 10 NY3d 938 [2008]).

Finally, we reject defendant's claim that the sentence imposed was harsh and excessive. Defendant has a criminal record that includes convictions of numerous offenses, including a prior felony for attempted burglary in the second degree. Given this history, and the terrifying nature of the conduct which led to this conviction, we see no reason to disturb the sentence as imposed by County Court (*see People v Mitchell,* 55 AD3d 1048, 1052 [2008]).

Defendant's remaining contentions have been reviewed and found to be without merit.

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions of burglary in the first degree under counts two and three of the indictment and the lesser included offense of burglary in the second degree; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.