The People of the State of New York, Respondent, v Terry L. Sturdevant Jr., Appellant. [904 NYS2d 777]—

Garry, J. Appeal from a judgment of the Supreme Court (Dowd, J.), rendered January 30, 2009 in Chenango County, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

In November 2007, a police officer, responding to a telephone call from a neighbor reporting a possible burglary at the victim's residence, saw defendant walking nearby. Upon seeing the officer, defendant ran and was apprehended after a brief pursuit. The victim's property was discovered in the immediate vicinity. Defendant was indicted for burglary in the second degree and petit larceny. His motion to suppress his statements to the police was denied after a *Huntley* hearing. He was convicted as charged following a jury trial and sentenced to a prison term of eight years and five years of postrelease supervision. Defendant appeals.

Supreme Court properly admitted defendant's statements to the police into evidence. In January 2008, the People filed a notice pursuant to CPL 710.30 indicating that statements intended

to be used at trial were contained in an attached police report; the report had also been furnished to defendant at his arraignment. A second, supplementary notice was filed in October 2008, directly quoting defendant's statements as they appeared in the police report. Thus, defendant was furnished with notice that adequately set out the sum and substance of his statements and permitted him to intelligently identify them (*see People v Lopez*, 84 NY2d 425, 428 [1994]; *People v Henderson*, 4 AD3d 616, 618 [2004], *lv denied* 2 NY3d 800 [2004]). Further, as the purpose of the notice requirement is to enable defendant to challenge the voluntariness of his statements before trial (*see People v Borthwick*, 51 AD3d 1211, 1215 [2008], *lv denied* 11 NY3d 734 [2008]), defendant waived his objection to the adequacy of the notice by making his suppression motion (*see People v Trimmer*, 30 AD3d 820, 822 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Merrill*, 226 AD2d 1045, 1045 [1996], *lv denied* 88 NY2d 1022 [1996]). Defendant's claim on appeal that the statements should have been suppressed because no probable cause for his arrest was shown was not sufficiently addressed in his pretrial motion, and is thus unpreserved, and he does not challenge the court's determination that they were made voluntarily.

· Defendant next contends that his burglary conviction was based on legally insufficient evidence and was against the weight of the evidence because the People did not prove that he entered the victim's residence with the intent to commit a crime therein (*see* Penal Law § 140.25). "[I]ntent may be inferred from the circumstances of the intruder's unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner" (*People v Vasquez*, 71 AD3d 1179, 1180 [2010] [citations omitted]). Here, the neighbor who called the police testified that he saw defendant standing at the victim's door and later saw him leaving the residence. The victim testified that she did not know defendant and had not given him permission to be there. While defendant claimed that he did not remember going to the victim's residence, the arresting officer testified that defendant had stated he was on the victim's property to look for someone but could not remember the person's name. Defendant further testified that, when apprehended, he was looking for bottles and cans to return for cigarette money; however, he had no bottles, cans, or collection bag, and he identified a pack of cigarettes lying on the ground as belonging to him. Finally, police found items belonging to the victim in the bushes nearby; the day had been rainy but these items were relatively dry. Viewing this evidence in the light most favorable to the People, there is a valid line of reasoning and permissible inferences that could lead a jury to

conclude that defendant entered the victim's home with intent to commit a crime therein (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Rodriguez*, 68 AD3d 1351, 1352 [2009], *lv denied* 14 NY3d 804 [2010]). Evaluating the evidence in a neutral light and with due deference to the jury's opportunity to assess witness credibility, the conviction was not against the weight of the evidence (*see People v Caston*, 60 AD3d 1147, 1150 [2009]; *People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]).

Defendant's request for a jury charge on the lesser included offense of criminal trespass was properly denied. There was no reasonable evidence "suggesting a noncriminal purpose for [his] entry" into the victim's residence (*People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]) and, thus, no reasonable view of the evidence supporting a conclusion that he "knowingly enter[ed] or remain[ed] unlawfully in a dwelling" (Penal Law § 140.15), but did not "inten[d] to commit a crime therein" (Penal Law § 140.25; *see People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *People v Barringer*, 54 AD3d 442, 444 [2008], *lv denied* 11 NY3d 830 [2008]). Defendant also contends that the request for a jury charge on the defense of intoxication was improperly denied. He testified that he and two other persons shared a liter and a half of vodka, used marihuana, and "popped some pills" on the morning of the incident. To support such a charge requires "[m]ore than a bare assertion by a defendant that he was intoxicated" (*People v Gaines*, 83 NY2d 925, 927 [1994]) or that he used alcohol or drugs before committing an offense. The evidence must be sufficient " 'for a reasonable person to entertain a doubt as to the element of intent' " on the basis of intoxication (*People v Rodriguez*, 76 NY2d 918, 920 [1990], quoting *People v Perry*, 61 NY2d 849, 850 [1984]). Defendant did not indicate how much alcohol or marihuana he consumed or what kind of pills he took and, other than describing himself as "high" and "a little intoxicated," he offered no details as to the impact of these substances on his behavior and mental state (*see People v Gaines*, 83 NY2d at 927). The only other evidence of his intoxication was an entry on the police report that he was "impaired" when he was arrested. The officer who made the entry testified that he could not remember why he had done so and that defendant was coherent in speaking with police and answering questions. Further, although defendant claimed that he could not recall entering the victim's property, he remembered why he had gone to the area and described his encounter with the police in detail. In these circumstances, an instruction as to his intoxication was not required (*see People v Park*, 12 AD3d 942, 943 [2004]; *People v*

*Maxwell*, 260 AD2d 653, 654 [1999], *lv denied* 93 NY2d 1004 [1999]).

Supreme Court did not abuse its discretion in ruling after a *Sandoval* hearing that the People could cross-examine defendant about prior convictions for petit larceny and attempted petit larceny (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Jones*, 70 AD3d 1253, 1254 [2010]). Although defendant's criminal history included other offenses pertinent to his veracity, the court appropriately limited the inquiry to three recent convictions; the People's relatively brief cross-examination actually addressed only two. The inquiry was not precluded by the similarity of the convictions to the charged offenses (*see People v Mitchell*, 57 AD3d 1308, 1311 [2008]), since " '[p]roof of willingness to steal has been specifically recognized as very material proof of lack of credibility' " (*People v Willis*, 282 AD2d 882, 883 [2001], *lv denied* 96 NY2d 869 [2001], quoting *People v Moore*, 82 AD2d 972, 972 [1981]). As the only witness on his own behalf, defendant's credibility was of particular importance to the jury (*see People v Willis*, 282 AD2d at 883). Finally, although no limiting instruction was given, we note that none was requested, and do not find that failure to do so requires reversal (*see People v Williams*, 50 NY2d 996, 998 [1980]; *People v Raymond*, 177 AD2d 733, 734 [1991]).

Defendant's right to counsel was not violated by Supreme Court's denial of his request for a new assigned attorney. Such a request should be granted upon a showing of good cause, such as a conflict of interest or other irreconcilable differences (*see People v Dunton*, 19 AD3d 808, 808-809 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Boyer*, 237 AD2d 743, 744 [1997], *lv denied* 90 NY2d 855 [1997]). Defendant's trial counsel asked to be removed, stating that he did so at defendant's request and alleging that defendant had his own defense theories and strategies, had made multiple motions on his own behalf, and had apparently complained about counsel to the Committee on Professional Standards. We find that these differences resulted, essentially, from strategic disagreements (*see People v Tenace*, 256 AD2d 928, 930 [1998], *lv denied* 93 NY2d 902 [1999]) and from an antagonistic attitude on defendant's part (*see People v Brown*, 62 AD3d 1089, 1092 [2009], *lv denied* 13 NY3d 742 [2009]) and, therefore, did not require substitution. As the court noted, counsel was defendant's third assigned attorney and another substitution would have delayed his trial, then scheduled to commence the following week. Notably, defendant does not contend that he received ineffective assistance, and the record reveals that his counsel did provide vigorous and effective representation.

Finally, defendant's contention that his sentence was harsh and excessive is without merit. In view of his youth and his extensive criminal history, which reflected what Supreme Court described as an escalating pattern, we find no abuse of discretion or extraordinary circumstances warranting modification (*see People v Brisson*, 68 AD3d 1544, 1548 [2009], *lv denied* 14 NY3d 798 [2010]).

Spain, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.