# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**2**

**KA 11-00745**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                      MEMORANDUM AND ORDER

SASHALEE N. PALLAGI, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CONNORS & VILARDO, LLP, BUFFALO (TERRENCE M. CONNORS OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 2, 2011. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and the indictment is dismissed without prejudice to the People to file any appropriate charge.

Memorandum: In these two appeals, defendants appeal, respectively, from judgments convicting them following a single jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]). The convictions arose from an incident in which defendants, according to the testimony of a store loss prevention officer presented by the People, stole numerous items of property by removing the store security sensors and hangers from the items, and then removing the items from the store by unknown means. Certain merchandise was apparently never recovered. Defendants were apprehended as they left the store, but no merchandise was recovered.

The People served CPL 710.30 notices of their intent to offer statements that defendants made to law enforcement officers at the time of their arrest, although the notices indicated that defendants made only exculpatory statements. During the trial, however, a sheriff's deputy testified that he asked defendant Sashalee N. Pallagi how defendants arrived at the mall, and she replied that a friend had given them a ride. Defendants objected, and replied in the affirmative when County Court asked if they were moving to strike the testimony. The court denied the motion, however, and the prosecutor thereafter cross-examined Sashalee on that point. In addition, the prosecutor argued during summation that the friend was part of the scheme to steal property.

We agree with defendants that the court erred in denying their motion to strike.  Initially, we note that the People failed to preserve for our review their present contention that defendants' objection was untimely (*see generally People v Hunter*, 17 NY3d 725, 727-728; *People v Whitley*, 68 AD3d 790, 791, *lv denied* 14 NY3d 807; *People v Garcia*, 296 AD2d 509, 510).

"Whenever the people intend to offer at a trial . . . evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, . . . they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered" (CPL 710.30 [1]).  The People need not provide all statements verbatim, "but they must be described sufficiently so that the defendant can intelligently identify them" (*People v Lopez*, 84 NY2d 425, 428).  We conclude that the notice at issue is insufficient because it failed to provide defendants "with notice that adequately set out the sum and substance of [the] statements [presented by the People at trial] and permitted [defendants] to intelligently identify them" (*People v Sturdevant,* 74 AD3d 1491, 1492, *lv denied* 15 NY3d 810; *cf. People v Chanowitz*, 298 AD2d 767, 768-769, *lv denied* 99 NY2d 613).  Contrary to the People's further contention, the statements were not pedigree information exempt from the notice requirement (*cf. People v Rodney*, 85 NY2d 289, 293).  We therefore reverse the judgments.  If this were the only meritorious argument presented by defendants, we would grant a new trial on the grand larceny charge of which they were convicted.  We also conclude for the reasons that follow, however, that defendants are correct that the evidence is legally insufficient to support the conviction of grand larceny and thus that a new trial on that charge is not warranted.  We therefore reverse the judgment in each appeal and dismiss the indictments, each of which charged the respective defendant solely with grand larceny in the fourth degree. Nevertheless, because we further conclude that the evidence is legally sufficient to support a conviction of petit larceny, we dismiss the indictments without prejudice to the People to file any appropriate lesser charge (*see generally People v Holmes*, 302 AD2d 936).

As noted, defendants further contend that the evidence is legally insufficient to support the conviction.  Specifically, they contend that it is legally insufficient to establish that they stole property, that they took property from an owner thereof, and that the value of the stolen property exceeded $1,000.  We note at the outset that defendants failed to preserve for our review their contention that the evidence is legally insufficient to establish that they took property "from an owner thereof" (Penal Law § 155.05 [1]; *see People v Gray*, 86 NY2d 10, 19-20).  In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is legally sufficient evidence establishing that the store's loss prevention officer "had a possessory right which, however limited or contingent, was superior to that of defendant[s]" (*People v Hutchinson*, 56 NY2d 868, 869).

Contrary to defendants' further contention, there is legally

sufficient evidence establishing that they stole property. The essential element of taking with respect to a larceny "is satisfied where the defendant 'exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights' " (*People v Zombo*, 28 AD3d 1233, 1234, *lv denied* 7 NY3d 794, 797, quoting *People v Jennings*, 69 NY2d 103, 118). Here, the People presented evidence establishing that defendants removed hangers and store security sensors from an unknown number of items and then concealed the items, and that certain items were removed from the store. Thus, the evidence is legally sufficient to establish that defendants "exercised control wholly inconsistent with the owner's continued rights" (*People v Olivo*, 52 NY2d 309, 319).

We agree with defendants, however, that the conviction is not supported by legally sufficient evidence that the value of the stolen property exceeded $1,000. The value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]). The People therefore were required to establish beyond a reasonable doubt that the value of the stolen property exceeded $1,000. "The Court of Appeals has unequivocally held that 'a victim must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value' " (*People v Gonzalez*, 221 AD2d 203, 204, quoting *People v Lopez*, 79 NY2d 402, 404). "Conclusory statements and rough estimates of value are not sufficient" (*People v Loomis*, 56 AD3d 1046, 1047; *see People v Selassie*, 166 AD2d 358, 359, *lv denied* 77 NY2d 911).

Here, the sole evidence of value consisted of the testimony of a store loss prevention officer, who indicated that three specific missing items were valued at $49.99, $128, and $108, respectively, and that the total value of the property taken was $2,200. In reaching the latter value, however, the store loss prevention officer inferred that certain property was taken based on a review of a grainy stop-action video recording of defendants' movement in the store, and she admitted that she could not clearly ascertain the items that were taken. She also testified that defendants took approximately 20 items of merchandise into the dressing room area, and that the merchandise was not recovered. She admitted, however, that approximately 20 items were found in the dressing room area, and the People failed to establish that those items were not some of those allegedly taken by defendants. Furthermore, the store loss prevention officer assigned a minimum value to the items that she concluded were taken, based merely upon her estimate of the minimum sale price of some of the items in that area of the store. No further evidence was introduced with respect to the value of any item, or with respect to the basis for her estimated minimum sale price. "Consequently, we cannot on this record conclude 'that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold' of $1,000" (*People v Brink*, 78 AD3d 1483, 1484, *lv denied* 16 NY3d 742, *rearg denied* 16 NY3d 828). We therefore conclude that the evidence is legally insufficient to establish that

the value of the property taken exceeded $1,000.  The evidence is legally sufficient, however, to establish that defendants committed the lesser included offense of petit larceny.  Moreover, viewing the evidence in light of the elements of the crime of petit larceny (*see People v Danielson*, 9 NY3d 342, 349), we conclude that a verdict convicting defendants of that crime would not be against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Absent the CPL 710.30 violation, we would modify the judgments by reducing the convictions to that crime (*see e.g. Brink*, 78 AD3d at 1484).  Inasmuch as the proper remedy for the CPL 710.30 violation is a new trial, however, we dismiss the indictments without prejudice to the People to file any appropriate charge.

In light of our determination, we do not address defendants' contentions with respect to the sentences imposed.

All concur except SCUDDER, P.J., who dissents and votes to modify in accordance with the following Memorandum:  I respectfully dissent and would modify the respective judgments in each appeal by reducing the convictions of grand larceny in the fourth degree (Penal Law § 155.30 [1]) to petit larceny (§ 155.25; *see* CPL 470.15 [2] [a]), and I would remit the matters to County Court for resentencing (*see* CPL 470.20 [4]).

I disagree with the majority that the court erred in refusing to strike the testimony that Sashalee N. Pallagi, the defendant in appeal No. 1, stated that a friend drove the two defendants to the mall.  Rather, in my view, the CPL 710.30 notices adequately set out the sum and substance of defendants' statements and permitted them to identify those statements, which were essentially denials that they removed sensors from clothing or knew anything about the missing property (*see People v Sturdevant*, 74 AD3d 1491, 1492, *lv denied* 15 NY3d 810).  Although the notice does not contain the statement that defendants now contend was inculpatory, "[t]he statutory notice does not require a verbatim recitation of an oral statement" (*People v Cooper*, 158 AD2d 743, 744, *revd on other grounds* 78 NY2d 476).  Furthermore, the "purpose of the notice requirement is to enable defendant[s] to challenge the voluntariness of [their] statement[s] before trial . . ., [and thus] defendant[s] waived [their] objection to the adequacy of the notice by making [their respective] suppression motion[s]" (*Sturdevant*, 74 AD3d at 1492).  The fact that defendants ultimately withdrew their request for a *Huntley* hearing is of no moment.  The CPL 710.30 notice served its purpose, i.e., it provided defendants with the opportunity to challenge the voluntariness of their respective statements.  Even assuming, arguendo, that the statement in question is inculpatory, I conclude that it is not thereby rendered involuntary.  Indeed, in my view, there is no basis for concluding that the court would have suppressed the statement as involuntary even in the event that the *Huntley* hearing had been conducted.  Thus, I conclude that the court did not commit reversible error by refusing to strike the testimony on the ground that defendants did not have notice of the statement.

I agree with the majority that the evidence is legally

insufficient to support the conviction of grand larceny in the fourth degree in each appeal. Thus, as noted, I would therefore modify the judgments by reducing the convictions to petit larceny (*see* CPL 470.15 [2] [a]), and I would remit the matters to County Court for resentencing (*see* CPL 470.20 [4]).

I submit, however, that the majority may not determine that the evidence supports a lesser included offense but then fail to modify the judgments by reducing the convictions to that lesser included offense (*see* CPL 470.15 [2] [a]). The rationale set forth by the majority for failing to do so is that the majority has determined that there is a trial error. As I previously set forth, I do not agree with the majority that there was a trial error. Nevertheless, for the reasons that follow, I submit that, if there also had been a trial error, the appropriate remedy would be to grant a new trial on the indicted charges. Indeed, in the event that a defendant raises meritorious contentions of both legal insufficiency and trial error, the corrective actions that a court is permitted by statute to implement may conflict, as is the case with the majority's analysis. Specifically, the majority has determined both that the evidence is legally sufficient to support the lesser included offense of petit larceny, which requires modification of the judgments to convictions of petit larceny and remittal for resentencing on those convictions (*see* CPL 470.15 [2] [a]; 470.20 [4]), while at the same time there is a trial error, which requires reversal of the judgments and remittal for a new trial (*see* CPL 470.20 [1]). The conundrum faced by the majority, however, is that we may not both modify a judgment by reducing the conviction to a lesser included offense (*see* CPL 470.20 [2] [a]), and simultaneously grant defendant a new trial (*see* CPL 470.20 [1]). Based upon the Court of Appeals' implicit holding in *People v Wright* (17 NY3d 643, *revg* 63 AD3d 1700), I submit that, if there is a trial error that deprived defendant of a fair trial, the error deprives this Court of the authority to review a further contention that the conviction is not based upon legally sufficient evidence and to reduce the conviction to a lesser included offense. Instead, the judgment must be reversed and a new trial granted on the indictment, without regard to the legal sufficiency of the evidence.

In *Wright*, the Court of Appeals reversed our order in which we had, inter alia, modified a judgment convicting defendant of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) by reducing the conviction to the lesser included offense of manslaughter in the second degree (§ 125.15 [1]). On appeal from our order, the Court of Appeals determined that the trial court had erred in prohibiting defendant from introducing certain testimony, and the Court of Appeals remitted the matter to Supreme Court "for a new trial" (*id.* at 656). Inasmuch as the accusatory instrument charged defendant with murder, and not manslaughter, it is implicit in the decision of the Court of Appeals that the new trial was to be held on the indicted count of murder in the second degree. Had the Court intended that the trial be held on the reduced conviction of manslaughter, it necessarily would have granted the People leave to re-present the charges to another grand jury in order to obtain an accusatory instrument upon which to try defendant (*see People v*

*Gonzalez*, 61 NY2d 633). Thus, I further submit that it is also implicit in the Court's decision that the trial error deprived this Court of the authority to review the legal sufficiency of the evidence, inasmuch as this Court's conviction of the lesser included offense was overturned. In my view, where there is a trial error that denies defendant a fair trial, the corrective action that may properly be taken is to reverse the judgment and grant a new trial (*see* CPL 470.20 [1]). Here, because the majority has determined that there is a trial error, the judgments must be reversed and a new trial must be granted on the indicted counts of grand larceny (*see Wright*, 17 NY3d at 655-656).

Finally, in my view, the majority's resolution of this matter violates the double jeopardy rights of defendants (*see* US Const 5th Amend; NY Const, art I, § 6; CPL 40.20). Although double jeopardy would not be implicated if there were an offense with which to charge defendants that was not a lesser included offense (*see e.g. Matter of Suarez v Byrne*, 10 NY3d 523, 538, *rearg denied* 11 NY3d 753; *People v Gilmore*, 41 AD3d 1162, *lv denied* 9 NY3d 875), upon this record, the only charge available to the People is petit larceny. That is, of course, a lesser included offense of grand larceny because " 'the lesser offense . . . requires no proof beyond that which is required for conviction of the greater' " (*People v Biggs*, 1 NY3d 225, 230), and thus the People would be precluded from charging defendants again with respect to the theft of property for which they have previously been tried.

Entered: January 31, 2012          Frances E. Cafarell
                                                            Clerk of the Court