Stein, J.
We affirm. Initially, we are unpersuaded by defendant’s contention that County Court erred in denying his motion to suppress the cocaine seized from his disabled vehicle parked in a retail store parking lot. State Trooper Daniel Snyder and his canine partner Juna were dispatched to the scene after electronic surveillance of defendant’s phone revealed that his truck had broken down and there was a possibility he had driven there for purposes of a narcotics sale. Snyder testified that he approached defendant and, as he asked him basic questions about his vehicle and what he was doing in the area, observed that defendant was “extremely nervous” and would not calm down. Snyder further testified that defendant told him that he was planning to meet someone at a fast-food restaurant in a lo *1168 cation that Snyder knew — from his own first-hand knowledge of the area — was false. According to Snyder, he then asked for and received defendant’s consent to search his truck, at which point Snyder utilized Juna to conduct an exterior sniff of the vehicle. After the dog alerted to the presence of narcotics, Snyder asked defendant why Juna would do so and defendant responded that he had a small amount of marihuana in the vehicle. Based upon this admission, Snyder frisked defendant and then searched the vehicle, ultimately finding, among other things, over 10 ounces of cocaine. Although defendant testified during the hearing on his suppression motion that he never gave consent to search his vehicle, County Court credited Snyder’s testimony and denied the motion.
The police are permitted to approach a parked vehicle and request information concerning identity and destination when there is an articulable “objective, credible reason” for doing so (People v Ocasio, 85 NY2d 982, 984 [1995]), such as, for example, “mak[ing] sure [that] everything [is] okay” (People v Story, 81 AD3d 1168, 1168 [2011]). Here, defendant does not dispute that Snyder was justified in approaching him to make some basic queries based upon his disabled vehicle (see People v Wallgren, 94 AD3d 1339, 1340 [2012]). Thereafter, defendant’s highly nervous demeanor and false answer regarding his destination were sufficient to afford Snyder a “founded suspicion that criminal activity [was] afoot” (People v Devone, 15 NY3d 106, 110 [2010]; see People v De Bour, 40 NY2d 210, 223 [1976]). Given that founded suspicion, Snyder’s subsequent request for consent was proper (see People v Oldacre, 53 AD3d 675, 676-677 [2008]), as was his action in directing a canine sniff of the vehicle’s exterior (see People v Devone, 15 NY3d at 113-114). Although defendant maintains that his version of events was more credible than that of Snyder, “much weight must be accorded [to] the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses” (People v Prochilo, 41 NY2d 759, 761 [1977]; see People v Horge, 80 AD3d 1074, 1074 [2011]).
We find no abuse of discretion in County Court’s refusal to assign new defense counsel in response to a letter from defendant making such request. A removal request should only “be granted upon a showing of good cause, such as a conflict of interest or other irreconcilable differences” (People v Sturdevant, 74 AD3d 1491, 1494 [2010], lv denied 15 NY3d 810 [2010]). “[G]ood cause does not exist when defendants are guilty of delaying tactics or where, on the eve of trial, disagreements over trial strategy generate discord” (People v Linares, 2 NY3d 507, 511 [2004]; see People v Sturdevant, 74 AD3d at 1494).
*1169 Here, the record reflects that, following a motion brought by defense counsel seeking permission to withdraw based on defendant’s purported lack of trust in counsel’s abilities, County Court conducted a thorough inquiry on the record, at which point defendant expressly denied that he was requesting that another attorney be assigned. Less than three weeks later and just a few weeks before the scheduled trial date, defendant wrote to the court, indicating that he was now requesting new counsel, as well as a delay of the impending trial. Defendant’s request appeared to be based primarily on the fact that his current counsel had moved to withdraw and on various differences in strategy between them. Under these circumstances and given that the concerns set forth in defendant’s letter could have been raised when the parties previously appeared before the court on defense counsel’s motion, we find no error in the court’s refusal to revisit the issue.
Defendant’s claim that his guilty plea was not knowing, intelligent or voluntary is not preserved for appellate review, inasmuch as the record fails to indicate that he moved to withdraw the plea or vacate the judgment of conviction (see People v DeJesus, 96 AD3d 1295, 1295 [2012]; People v Leszczynski, 96 AD3d 1162, 1162 [2012], lv denied 19 NY3d 998 [2012]). Moreover, the narrow exception to the preservation requirement does not apply as defendant did not “make any statements during his plea allocution that tended to negate a material element of the crime or otherwise cast doubt upon his guilt” (People v Richardson, 83 AD3d 1290, 1291 [2011], lv denied 17 NY3d 821 [2011]; see People v Carpenter, 93 AD3d 950, 952 [2012], lv denied 19 NY3d 863 [2012]).
Defendant further contends that his negotiated prison sentence was harsh and excessive and should be reduced in the interest of justice. Based upon our review of the record, we disagree. Defendant did not receive the maximum available prison term for the offense to which he pleaded guilty (see Penal Law § 70.70 [3] [b] [i]) and, in view of the allegations contained in the indictment, defendant’s criminal history and the lack of any mitigating circumstances, “we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence[ ] in the interest of justice” (People v Garren, 84 AD3d 1638,1639 [2011], lv denied 17 NY3d 816 [2011]; see People v Elder, 89 AD3d 1278,1279 [2011], lv denied 18 NY3d 923 [2012])[2]
*1170 Finally, while defendant correctly argues that he qualifies as a second felony drug offender — a subcategory of second felony offenders (see Penal Law §§ 70.06 [1] [a]; 70.70 [3] [b] [i])— inasmuch as defendant’s uniform sentence and commitment form accurately reflects the terms of his plea and the sentencing minutes (compare People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]), we discern no reason to amend such form to refer to him as a second felony drug offender, rather than a second felony offender.[3]
Peters, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

. With regard to defendant’s claim that his jail time credit was incorrectly calculated, we need only note that “the proper vehicle for [such] claim ... is a CPLR article 78 proceeding, not a direct appeal” (People v Golgoski, 43 AD3d 551, 553 [2007]).

. Notably, defendant has failed to articulate any present legal or practical distinction between the two.