■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. CHRYSLER, Appellant. [774 NYS2d 208]—

Spain, J. Appeals (1) from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered November 2, 2001, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree, and (2) by permission, from an order of said court, entered November 2, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Defendant was charged in a single-count indictment with grand larceny in the fourth degree in connection with his theft of a snowplow. Following his arrest, defendant gave a statement to the police in which he admitted that he and another individual took the snowplow without the owner's permission. Defendant was assigned counsel and subsequently pleaded guilty to the charge. In accordance with the plea agreement, he was sentenced as a second felony offender to 1½ to 3 years in prison. Thereafter, he appealed and was assigned appellate counsel who moved to vacate the judgment of conviction pursuant to CPL 440.10 on the ground that defendant was denied the effective assistance of counsel. After a hearing, County Court denied the motion and defendant was granted permission to appeal from that order.

Defendant's sole contention on appeal is that he was denied the effective assistance of counsel. It is well settled, however, that a defendant will not be found to have been denied the constitutional right to the effective assistance of counsel "[s]o long as the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the rep-

resentation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Torra*, 309 AD2d 1074, 1075 [2003], *lv denied* 1 NY3d 581 [2003]). To prevail on such a claim, "it is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's [alleged] failure[s]" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Gibson*, 2 AD3d 969, 973 [2003]).

Here, defendant premises his claim of ineffective assistance of counsel on his counsel's failure to seek suppression of an incriminatory statement, to obtain an independent estimate of the value of the snowplow and to contact potentially beneficial defense witnesses. We find no merit to these contentions and conclude that defense counsel provided meaningful representation to defendant during the preplea investigation and effectively negotiated a favorable plea with the minimum sentence allowed for a second felony offender. Specifically, we note that when apprised by the People of the incriminating statement, trial counsel reviewed the statement—which was accompanied by defendant's written waiver of his *Miranda* rights—spoke to defendant, and then reasonably concluded that no irregularities existed which would warrant a legal challenge. Further, contrary to defendant's claim, trial counsel did investigate the value of the snowplow by contacting local dealers and establishing that it was worth considerably more than the value ascribed by the People. Lastly, the record discloses that trial counsel did make an effort to contact potential witnesses. Inasmuch as defendant has not substantiated his claim of ineffective assistance of counsel, County Court properly denied his motion.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed.