(July 15, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE MARTINEZ, Also Known as GEORGE MARTINEZ, Also Known as WILLIAM JORGE MARTINEZ, Also Known as LOUIE CRUZ, Also Known as SAMMY CRUZ, Also Known as ENRIQUE CRUZ, Appellant. [779 NYS2d 821]—

Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered February 26, 2001, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts) and criminal possession of stolen property in the fifth degree (six counts).

Following a jury verdict convicting defendant of two counts of burglary in the second degree and six counts of criminal possession of stolen property in the fifth degree, defendant was sentenced to two consecutive 15-year terms on the burglary convictions and concurrent one-year terms on the remaining convictions. Defendant appeals, asserting that three pretrial errors, two errors at trial and ineffective assistance of counsel require reversal and that his sentence is unduly harsh.

First, we reject defendant's claim that two inculpatory statements omitted from the CPL 710.30 notice require suppression of those statements. The purpose of CPL 710.30 is to provide defendant with an opportunity to challenge the admissibility of inculpatory statements made to law enforcement personnel which the People intend to offer at trial (*see People v Lopez*, 84 NY2d 425, 425 [1994]). Failure to give the required notice may be excused if defendant has, in fact, moved for suppression (*see People v O'Doherty*, 70 NY2d 479, 483 [1987]). Here, defendant moved to suppress all statements made by him (*see People v Brown*, 281 AD2d 700, 701 [2001], *lv denied* 96 NY2d 826 [2001]) and did not object when the police officer testified concerning the unnoticed statements, only challenging the absence of notice in his closing argument. Under these circumstances, defendant waived any CPL 710.30 notice deficiency (*see People v La Porte*, 184 AD2d 803, 804-805 [1992], *lv denied* 80 NY2d 905 [1992]).

Next, defendant asserts a lack of probable cause to issue the second search warrant for his residence, because the issuance and execution of the first warrant is indicative of a lack of probable cause for the second. Clearly, the second search warrant was issued as the result of a continuing investigation which developed new information linking defendant to other burglaries. This new information, developed subsequent to the issuance and execution of the first warrant, provided the requisite probable cause as determined by the issuing magistrate, a determination which we accord great deference (*see* CPL 690.10 [1]; 690.40 [2]; *People v Gilmore*, 6 AD3d 748, 749 [2004]; *People v Sall [Babacar] [Seckal] [0-8]*, 295 AD2d 812, 813 [2002], *lvs denied* 98 NY2d 766, 771-773 [2002]). Accordingly, evi-

dence seized pursuant to the second search warrant was properly admitted at trial against defendant.

Defendant's third argument involving pretrial error is that his identification at the arrest scene by the victim was unduly suggestive. Although this show-up identification occurred while defendant was in police custody, it took place within one mile of the scene of the crime and within 20 minutes after the crime had been reported. Although show-up identifications are considered inherently suggestive, here it occurred in close temporal and geographic proximity to the crime and there is nothing in the record to indicate that it was unduly suggestive (*see People v Duuvon*, 77 NY2d 541, 544-545 [1991]; *People v Bell*, 5 AD3d 804, 806 [2004]; *People v La Mountain*, 249 AD2d 584, 586 [1998], *lv denied* 92 NY2d 855 [1998]).

Defendant's first argument asserting error at his trial is that the testimony of two police officers concerning the victim's identification of defendant at the arrest scene constituted impermissible bolstering. As defendant failed to object to this testimony, this argument has not been preserved for appellate review (*see* CPL 470.05 [2]; *People v West*, 56 NY2d 662, 663 [1982]). Moreover, we reject defendant's argument that his attorney's single failure to object to the bolstering identification testimony constitutes the ineffective assistance of counsel. The representation, viewed in totality, was meaningful (*see People v Duran*, 6 AD3d 809, 811 [2004]; *People v Chrysler*, 6 AD3d 812, 813 [2004]). Notably, defense counsel secured the dismissal of 13 of the 21 counts in the indictment.

Defendant next argues that County Court erred by refusing to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. Although criminal trespass in the second degree may be considered a lesser included offense of burglary in the second degree (*see People v Bleau*, 276 AD2d 131, 132 [2001]), we agree with County Court's determination that here there is no reasonable view of the evidence that would support a jury finding of criminal trespass in the second degree but not burglary in the second degree (*see People v Hartman*, 4 AD3d 22, 24 [2004]; *People v Miller*, 288 AD2d 698, 699 [2001]). Both victims found their bedrooms in disarray, the window screens cut and personal property missing. One victim saw defendant's car, with its trunk open, backed up to his bedroom window. Moreover, in the absence of any evidence suggesting a noncriminal purpose for entry, we find no error in refusing to charge the lesser included offense of criminal trespass in the second degree.

As a final matter, we find no reason to disturb the sentence

imposed. Defendant's long history of criminal conduct, including prior violent felonies, and the lack of any extraordinary circumstances warranting modification of the sentence leads simply to the conclusion that the sentence imposed was fully justified (*see People v Calkins*, 6 AD3d 744, 746 [2004]; *People v Baker*, 6 AD3d 751 [2004]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.