■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MILES, Appellant. [865 NYS2d 155]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 6, 2007, upon a verdict convicting defendant of the crime of burglary in the third degree.

After a jury trial, defendant was found guilty of burglary in the third degree based upon his unlawful entry into a facility operated by Waste Management, Inc. located in the City of Albany. He was sentenced to 3½ to 7 years in prison.

On this appeal, defendant first contends that County Court erred by refusing to dismiss juror No. 21 for cause, thereby forcing defendant to exercise a peremptory challenge. Because he thereafter exhausted all peremptory challenges, defendant claims that he is entitled to a new trial pursuant to CPL 270.20 (2). We do not agree. Any alleged error on County Court's part was cured when defendant was granted two extra peremptory challenges during a meaningful point in the jury selection process (*see People v Apolinar*, 208 AD2d 548, 550 [1994], *lv denied* 84 NY2d 1028 [1995]; *People v Wales*, 138 AD2d 766, 768 [1988], *lv denied* 72 NY2d 868 [1988]; *People v Hines*, 109 AD2d 893, 893 [1985], *lv denied* 66 NY2d 764 [1985]).

We are also unpersuaded by defendant's contention that County Court erred in denying his request to charge criminal trespass in the third degree as a lesser included offense of burglary in the third degree. Viewing the evidence in the light most favorable to defendant, we agree with County Court that no reasonable view of the evidence would support a finding that

defendant "knowingly enter[ed] or remain[ed] unlawfully in" the Waste Management facility (Penal Law § 140.10 [criminal trespass in the third degree]), yet lacked the requisite "intent to commit a crime therein" (Penal Law § 140.20 [burglary in the third degree]). The record establishes that a window at the facility was broken, the burglar alarm was triggered, telephones and an answering machine were missing, and defendant's blood was on the floor. Given this evidence, as well as "the absence of any evidence suggesting a noncriminal purpose for entry" (*People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]), we find no error in the court's refusal to charge the lesser included offense (*see People v Barringer*, 54 AD3d 442, 444 [2008]).

Mercure, Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.