■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WOODROW, Appellant. [936 NYS2d 778]—

Rose, J.

Initially, defendant contends that the proceedings before County Court were a nullity because the indictment was transferred to Supreme Court but then tried in County Court without any order transferring the case back to County Court. We cannot agree. Defendant's reliance on *People ex rel. Dold v Martin* (284 App Div 127 [1954]) is misplaced as it is based on former Code of Criminal Procedure § 22, which, in its current form (*see* CPL 230.10), has been "rendered obsolete by the constitutional provision vesting administrative supervision of the courts in the Chief Administrator of the Courts" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 230.10; *see* NY Const, art VI, § 28 [b]; 22 NYCRR 200.14). As a superior court, County Court had trial jurisdiction upon the filing of the indictment (*see* NY Const, art VI, § 11 [a]; CPL 1.20 [24]; 10.10 [2] [b]; 10.20 [1] [a]; 210.05; *People v Hart*, 25 AD3d 815, 816 [2006], *lv denied* 6 NY3d 834 [2006]), and the error defendant alleges, namely, the lack of a transfer order or notation in the record transferring the case from Supreme Court back to County Court, "is not jurisdictional in nature and is waived if not timely raised" (*People v Wilson*, 14 NY3d 895, 897 [2010]; *see People v Ott*, 83 AD3d 1495, 1496 [2011], *lv denied* 17 NY3d 808 [2011]). No challenge to the transfer having been made before the trial court, it was waived (*see* CPL 470.05 [2]; *People v Perez*, 89 AD3d 1393, 1395 [2011]; *People v Ott*, 83 AD3d at 1496).

Defendant next argues that the convictions for burglary in the first degree (*see* Penal Law § 140.30 [1], [3]) and possession of burglar's tools (*see* Penal Law § 140.35) are based on legally insufficient evidence because none of the witnesses was able to identify him as being present at the scene of the burglary. Again, we disagree. Three neighbors testified that they heard loud banging or the victim screaming and then observed a slender black male wearing a dark hooded sweatshirt with a dark bag leaving the house. They described the male leaving the house as having pulled the hood of the sweatshirt tightly around his face, exposing only the nose and part of the eyes. The witnesses also described him as wearing jeans and colorful sneakers, and having the bag slung across his shoulder in newsboy fashion with a

light colored strap. Defendant was detained by the police within minutes on a nearby street and matched the description testified to by the neighbors, including having the hood on his sweatshirt pulled tightly around his face. The ax found on defendant was consistent with the hack marks on the partially destroyed door of the apartment, and a shell casing found on the second floor landing outside the apartment door matched defendant's gun, which was test fired and determined to be fully operable. A bullet hole consistent with having been fired from the door of the apartment was also located in the bathroom of the apartment. Viewing this evidence in a light most favorable to the People, a valid line of reasoning and permissible inferences support the jury's conclusion as to each of the burglary counts and the possession of burglar's tools (*see People v Hampton*, 64 AD3d 872, 874 [2009], *lv denied* 13 NY3d 796 [2009]; *People v Tillman*, 57 AD3d 1021, 1024 [2008]; *People v Bush*, 266 AD2d 642, 643-644 [1999], *lv denied* 94 NY2d 917 [2000]). Also, upon independent consideration of the evidence in a neutral light, we find that the verdicts are not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Tillman*, 57 AD3d at 1024; *People v Lopez*, 9 AD3d 692, 694-695 [2004]).

As for defendant's claim of prosecutorial misconduct, most of the prosecutor's alleged misstatements were either properly dealt with by County Court's instructions to the jury or valid arguments as to the inferences the prosecutor believed the jury could draw from the evidence presented (*see People v Dickson*, 58 AD3d 1016, 1018 [2009], *lv denied* 12 NY3d 852 [2009]; *People v Racine*, 132 AD2d 899, 900 [1987], *lv denied* 70 NY2d 754 [1987]). We do agree, however, that the prosecutor improperly speculated during her summation about a conversation she imagined that the defendant might have had (*see People v Edwards*, 39 AD3d 1078, 1081 [2007]), and she inappropriately questioned a witness on redirect examination concerning defendant's viewing of the documentaries "Bowling For Columbine" and "Farenheit 9/11," as well as defendant's opinion of former President Bush (*see People v Shutter*, 72 AD3d 1211, 1214 [2010], *lv denied* 14 NY3d 892 [2010]; *People v Thornton*, 4 AD3d 561, 563 [2004], *lv denied* 2 NY3d 808 [2004]). These questions, objected to by defense counsel, were, in our view, an irrelevant and improper effort by the prosecutor to rebut the witness's description of defendant as a nonviolent, religious person, and the court erred in permitting this line of questioning. Nevertheless, as the proof of defendant's guilt was overwhelming and these errors were isolated, they were harmless (*see People v Nelson*, 68 AD3d 1252, 1255 [2009]; *People v Thornton*, 4 AD3d at 563; *People v Almarez*, 2 AD3d 1151, 1152-1153 [2003], *lv denied* 2 NY3d 761 [2004]).

Finally, in light of the violent nature of the crime and the danger it posed to the community, we are not persuaded by defendant's argument that the sentence was harsh or excessive. Nor has he identified any extraordinary circumstances that would justify its reduction (*see People v Elwood,* 80 AD3d 988, 990-991 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Wright,* 1 AD3d 707, 709 [2003], *lv denied* 1 NY3d 636 [2004]). Defendant's remaining contentions have been considered and found to be either unpreserved or otherwise unavailing.

Peters, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.