THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD GORDON, Appellant. [938 NYS2d 554]—

Defendant claims he was improperly convicted of first-degree robbery under Penal Law § 160.15 (4) (displaying what appeared to be a firearm) because the police recovered an operable but unloaded pistol that the victim identified as having been displayed during the robbery. Defendant did not preserve this claim, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence. Defendant now asserts that the weapon must have been unloaded at the time of the robbery, so that the affirmative defense set forth in Penal Law § 160.15 (4) was established. However, at trial, defendant testified and denied any involvement in the robbery, and his defense was based entirely on issues of identification and credibility. Although the court offered to charge the affirmative defense, defense counsel expressly declined that offer. Since the court's charge governs our assessment of both the sufficiency (*People v Ford*, 11 NY3d 875, 878 [2008]) and the weight (*People v Danielson*, 9 NY3d 342, 349 [2007]) of the evidence,

we generally have no occasion to consider a defense raised for the first time on appeal (*see e.g. People v Williams*, 15 AD3d 244, 246 [2005], *lv denied* 5 NY3d 771 [2005]).

We note that the trial evidence permits an inference that defendant had an opportunity to separately discard the pistol and its ammunition. Accordingly, "[t]he evidence was consistent with the pistol having been loaded at the time of the crime, but unloaded at the time it was recovered" (*id.* at 245).

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategic reasons for declining to pursue the affirmative defense (*see People v Love*, 57 NY2d 998 [1982]). According to defendant, the record reveals that counsel's waiver of the defense was not based on strategy but on a misunderstanding of the law. However, the sparse record is inconclusive as to counsel's reasoning.

To the extent the trial record permits review, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714, [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown "the absence of strategic or other legitimate explanations" for the conduct challenged on appeal (*People v Rivera*, 71 NY2d 705, 709 [1988]). Under all the circumstances, it was a plausible strategy to focus exclusively on the issue of misidentification, that is, whether defendant committed the robbery at all (*see People v Lane*, 60 NY2d 748, 750 [1983]; *People v Williams*, 15 AD3d at 245-246). In any event, defendant has not shown a reasonable probability that assertion of the affirmative defense would have resulted in a more favorable verdict.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.