McCarthy, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 17, 2011, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.
A police detective saw defendant exiting a warehouse pushing a bicycle through a broken glass door. Following a trial, defendant was found guilty of burglary in the third degree and petit larceny. County Court sentenced him, as a second felony offender, to 3Va to 7 years in prison for the burglary count and a concurrent jail term of one year for petit larceny. Defendant appeals.
County Court did not abuse its discretion in refusing to entertain defendant’s pro se motion to dismiss the indictment. Because defendants are not entitled to hybrid representation, courts may refuse to recognize any efforts by a counseled defendant to act on his or her own behalf (see People v Rodriguez, 95 NY2d 497, 501-502 [2000]; People v Miles, 8 AD3d 758, 759 [2004], lv denied 3 NY3d 678 [2004]). Courts have the discretion to determine whether to entertain a pro se motion filed by a represented defendant (see People v Rodriguez, 95 NY2d at 502). The court did not abuse that discretion by refusing to entertain defendant’s pro se motion.
The verdict was supported by legally sufficient evidence and *1104 was not against the weight of the evidence. A detective testified that he noticed a light on in a warehouse at 2:30 a.m. The bottom half of the glass door of the warehouse was broken. The detective saw defendant push a bicycle out of the building under the metal push bar in the middle of the broken door. Defendant then mounted the bicycle and rode away. When the detective identified himself as a police officer and told defendant to stop, defendant continued to ride away. Another officer saw defendant feverishly pedaling away from the detective. A representative of the building’s owner testified that the warehouse was locked at night and defendant did not have authorization to be in the building or to take a bicycle from the building. This testimony, along with the inferences to be drawn from defendant’s conduct and the circumstances (see People v Sturdevant, 74 AD3d 1491, 1492 [2010], lv denied 15 NY3d 810 [2010]), constituted legally sufficient evidence to prove that defendant stole property (see Penal Law § 155.25) and that he knowingly entered a building with the intent to commit a crime therein (see Penal Law § 140.20; People v Woodrow, 91 AD3d 1188, 1190 [2012]). Giving deference to the jury’s credibility determinations, the verdict was also not against the weight of the evidence (see People v Gilliam, 36 AD3d 1151, 1153 [2007], lv denied 8 NY3d 946 [2007]).
County Court did not err in refusing defendant’s requests for jury charges. Because defendant requested that the court charge a lesser included offense, and trespassing in the third degree is indeed a lesser included offense of burglary in the third degree (see People v Blim, 63 NY2d 718, 720 [1984]), the court was required to give the charge if a reasonable view of the evidence would support a finding that defendant committed a trespass but did not commit a burglary (see CPL 300.50 [1], [2]). A glass door in the warehouse was broken, the record lacks “evidence suggesting a noncriminal purpose for entry” and defendant was seen exiting the building with a bicycle that he was stealing (People v Martinez, 9 AD3d 679, 681 [2004], lv denied 3 NY3d 709 [2004]; see People v Miles, 55 AD3d 955, 956 [2008], lv denied 11 NY3d 928 [2009]). Thus, a reasonable view of the evidence would not support a finding that defendant entered the building without an intent to commit any crime other than trespass and, upon seeing the bicycle, then formed an intent to steal it (compare People v Miller, 288 AD2d 698, 699 [2001], with People v Barringer, 54 AD3d 442, 444 [2008], lv denied 11 NY3d 830 [2008]). The evidence did not support an intoxication charge (see People v Rodriguez, 76 NY2d 918, 920-921 [1990]; People v Park, 12 AD3d 942, 943 [2004]), but did support a charge regarding consciousness of guilt for his conduct of flee *1105 ing the scene (see People v Lockerby, 178 AD2d 805, 807 [1991], lv denied 80 NY2d 834 [1992]; see also People v Carney, 23 AD3d 772, 774-775 [2005]). Hence, the court properly charged the jury.
Counsel provided defendant with effective assistance. Contrary to defendant’s argument, counsel did object to the admission of photographs into evidence, but County Court admitted them over counsel’s objection. Counsel questioned the police witnesses about their failure to preserve the integrity of the crime scene and advanced a legitimate defense theory focused on the circumstantial nature of the People’s case. Considering all of the circumstances, counsel provided meaningful representation (see People v Bruno, 63 AD3d 1297, 1298 [2009], lv denied 13 NY3d 858 [2009]).
Defendant’s remaining arguments have been reviewed and found to be lacking in merit.
Spain, J.P., Kavanagh, Stein and Egan Jr., JJ, concur. Ordered that the judgment is affirmed.