## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   April 9, 2015                    106081
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                 MEMORANDUM AND ORDER

JAMES MORRISON,
                        Appellant.
_____


Calendar Date:   February 17, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Carolyn B. George, Albany, for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

                        _____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 9, 2013 in Albany County, upon a verdict convicting defendant of the crime of burglary in the third degree.

        On December 12, 2011, detective Mark Sauter responded to a call of a burglary in progress at 20 Judson Street in the City of Albany.  When Sauter pulled up to that address, he observed a blue Ford F-150 pickup truck backed up to the front steps of the building.  As Sauter began to walk towards the building, two men — later identified as defendant and Lawrence Carden — emerged from the front door carrying a large radiator.  As a result of this incident, defendant was charged in a single-count indictment

with burglary in the third degree.  At the conclusion of the trial that followed, at which Sauter, Carden and the building's owner, Douglas Pologa, appeared and testified, defendant was found guilty as charged and thereafter was sentenced as a second felony offender to a prison term of 3½ to 7 years.  Defendant now appeals.

We affirm.  "A person is guilty of burglary in the third degree when he [or she] knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20).  In this regard, "[a] person 'enters or remains unlawfully' in or upon premises when he [or she] is not licensed or privileged to do so" (Penal Law § 140.00 [5]).  The requisite intent, in turn, "may be inferred from the circumstances of the [defendant's] unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner" (People v Sabines, 121 AD3d 1409, 1410 [2014] [internal quotation marks and citation omitted]; see People v Peterson, 118 AD3d 1151, 1152 [2014], lvs denied 24 NY3d 1087 [2014]; People v Barringer, 54 AD3d 442, 443 [2008], lvs denied 11 NY3d 830, 836 [2008]).

Here, Carden testified that, beginning in early December 2011, defendant – who Carden generally knew from the neighborhood – repeatedly asked Carden "to go with him to this house on Judson [Street] and take some radiators out of there."  Although Carden initially refused, he eventually acquiesced to defendant's requests and, on December 12, 2011, drove to the Judson Street address with defendant.  According to Carden, defendant indicated that he had permission to remove the radiators from the building, that they would be taking the radiators to a local charity and that he would "split whatever [they] got from the place" with Carden.[1]  Once the two arrived at the Judson Street location, defendant instructed Carden to back his truck up to the steps of

_____

[1]  As a follow-up question, Carden was asked by defense counsel, "So you went into a building, took something that didn't belong to you with the intent to sell it?", to which Carden replied, "That's right."  In response to counsel's ensuing question, "And get money?", Carden replied, "Yes, we did."

the building; as Carden was doing so, defendant went around to the back of the premises and thereafter let Carden into the building by way of the front door. Carden was in the process of helping defendant remove "about three radiators" from the building and load them into the back of Carden's truck when Sauter arrived.

Sauter, in turn, testified that, after arriving at the scene, he observed defendant and Carden coming out the front door carrying a radiator in their hands. When Sauter instructed the pair to put the radiator down and come towards him, Carden complied; defendant remained where he was, "making head movements" and "looking back and forth" at Sauter, the stairs and down the street, before taking "a couple steps toward the top of the staircase." Photographs taken at the scene and admitted into evidence at trial depict, among other things, radiators in the bed of Carden's pickup truck. Finally, Pologa testified that the property — including the doors to the building and the gate to the alleyway along the side of the house — was always locked, that he did not know defendant (or Carden for that matter) and that he did not give defendant (or anyone from the named charity) permission to enter the property and remove radiators from within. In our view, the foregoing testimony, together with the reasonable inferences that may be drawn therefrom (see People v Sturdevant, 74 AD3d 1491, 1492-1493 [2010], lv denied 15 NY3d 810 [2010]), constitutes legally sufficient evidence to support defendant's conviction of burglary in the third degree. Further, "upon independent consideration of the evidence in a neutral light" (People v Woodrow, 91 AD3d 1188, 1190 [2012], lv denied 18 NY3d 999 [2012]), we are satisfied that the verdict is in accord with the weight of the evidence.

Defendant next contends that he was deprived of a fair trial by virtue of certain remarks made by the prosecutor during closing argument. To the extent that defendant's objections to the specific comments at issue have been preserved for our review, we find them to be lacking in merit. When the prosecutor suggested that defendant, in support of his theory that Carden was the "criminal mastermind" behind the burglary, was "mak[ing] stuff up," Supreme Court (Lamont, J.) — characterizing that suggestion as "[b]urden shifting" — sustained defense counsel's

objection, promptly instructed the jury to disregard the prosecutor's comment and, during the course of its final charge to the jury, reiterated that defendant was "not required to prove that he [was] not guilty," thereby "ameliorat[ing] any prejudice to defendant" (People v VanVorst, 118 AD3d 1035, 1037 [2014]). As to the remaining statements, we find that the prosecutor's remarks either were fair comment upon the evidence or, to the extent that they were improper, did not reflect "a flagrant and pervasive pattern of prosecutorial misconduct so as to deprive [defendant] of a fair trial" (People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062 [2014] [internal quotation marks and citations omitted]).

Nor are we persuaded that Supreme Court erred in refusing to charge the jury as to the lesser included offense of criminal trespass in the third degree. "A defendant is entitled to a lesser included offense charge upon request when (1) it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct and (2) there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Nisselbeck, 85 AD3d 1206, 1208 [2011] [internal quotation marks and citation omitted]; see People v Heslop, 48 AD3d 190, 193-194 [2007], lv denied 10 NY3d 935 [2008]). Here, there is no question that "[c]riminal trespass in the third degree is a lesser included offense of burglary in the third degree inasmuch as it is impossible to commit the greater offense without at the same time committing the lesser" offense (People v Roseborough, 118 AD3d 1347, 1347 [2014], lv denied 24 NY3d 964 [2014] [internal quotation marks and citation omitted]; see People v Alsaifullah, 96 AD3d 1103, 1104 [2012], lv denied 19 NY3d 994 [2012]). Hence, our inquiry distills to whether the evidence adduced at trial, viewed in the light most favorable to defendant (see People v Carota, 93 AD3d 1072, 1075 [2012]), would support a finding that he committed criminal trespass in the third degree but not burglary in the third degree. To our analysis, the answer to that question is no.

The only element distinguishing criminal trespass in the third degree (see Penal Law § 140.10 [a]) from burglary in the third degree is the defendant's "intent to commit a crime

therein" (Penal Law § 140.20).[2]  Simply put, in light of the
testimony offered by Carden and Pologa and the corresponding
"absence of any evidence suggesting a noncriminal purpose for
[defendant's] entry" (People v Martinez, 9 AD3d 679, 681 [2004],
lvs denied 3 NY3d 705, 709 [2004]; accord People v Miles, 55 AD3d
955, 956 [2008], lv denied 11 NY3d 928 [2009]), there is no
reasonable view of the evidence that would support a finding that
defendant entered the Judson Street address "without an intent to
commit any crime other than trespass" (People v Alsaifullah, 96
AD3d at 1104).  Accordingly, Supreme Court did not err in denying
defendant's request to charge on this point.

Finally, inasmuch as defendant requested that the jury be
given an Allen charge and raised no objection to the charge
subsequently delivered by Supreme Court, defendant's present
claim — that the charge was coercive — is unpreserved for our
review (see People v Pomales, 49 AD3d 962, 964 [2008], lv denied
10 NY3d 938 [2008]).  To the extent that defendant contends that
counsel's failure to object to the Allen charge constituted the
ineffective assistance of counsel, we need note only that counsel
cannot be faulted for failing to raise an issue "that has little
or no chance of success" (People v Brock, 107 AD3d 1025, 1029
[2013], lv denied 21 NY3d 1072 [2013] [internal quotation marks
and citations omitted]).  Here, the court's Allen charge mirrored
the charge contained in the Criminal Jury Instructions (see
CJI2d[NY] Jury Issues—Jury Deadlocked) and, therefore, does not
afford a basis upon which to grant the relief now requested (see
generally People v Briskin, 125 AD3d 1113, 1120-1121 [2015];
People v Davis, 103 AD3d 810, 812 [2013], lv denied 21 NY3d 1003
[2013]).  Defendant's remaining contentions, including those
raised in his pro se brief, have been examined and found to be

---

[2]  "A person is guilty of criminal trespass in the third
degree when he [or she] knowingly enters or remains unlawfully in
a building or upon real property[] which is fenced or otherwise
enclosed in a manner designed to exclude intruders" (Penal Law
§ 140.10 [a]).  "A person is guilty of burglary in the third
degree when he [or she] knowingly enters or remains unlawfully in
a building with intent to commit a crime therein" (Penal Law
§ 140.20).

lacking in merit.

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court