# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1457/14**
**KA 11-01995**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANTHONY STEWART, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 29, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Contrary to defendant's contention, County Court did not err in refusing to suppress the showup identification of defendant by the victim. The transcript of the suppression hearing establishes that the victim saw defendant three days after the robbery and contacted the police after going to a friend's house. The police transported the victim back to the location where he saw defendant, and the victim identified him. Under the circumstances, the showup identification was merely confirmatory, and "[n]o possibility of suggestiveness was created by the police conduct in arranging the confirmation" (*People v Dade*, 187 AD2d 959, 960, *lv denied* 81 NY2d 838; *see People v McCray*, 298 AD2d 203, 204, *lv denied* 99 NY2d 583; *People v Anderson*, 260 AD2d 387, 387-388, *lv denied* 93 NY2d 922, 965). Defendant failed to preserve for our review his further contention that the evidence established that he did not possess a loaded weapon inasmuch as he raises that affirmative defense for the first time on appeal (*see* § 160.15 [4]; *People v Gordon*, 92 AD3d 580, 580-581, *lv denied* 19 NY3d 864; *People v Williams*, 15 AD3d 244, 245, *lv denied* 5 NY3d 771), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that the court erred in failing to determine whether he should be afforded youthful offender status (*see People v Rudolph*, 21 NY3d 497, 501). Defendant was convicted of

an armed felony offense, and the court therefore was required "to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3) . . . [and] make such a determination on the record" (*People v Middlebrooks*, ___ NY3d ___, ___ [June 11, 2015]). Inasmuch as the court failed to do so here, we hold the case, reserve decision, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender" (*Rudolph*, 21 NY3d at 503).

All concur, FAHEY, J., not participating.

Entered:  June 19, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court