(July 13, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. DEFILIPPO, Appellant. [60 NYS3d 500]—

Clark, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered November 8, 2013, upon a verdict convicting defendant of the crime of criminal contempt in the second degree (three counts).

In March 2012, after leaving several voice mail messages on the victim's cell phone in December 2011, January 2012 and February 2012 in violation of an order of protection directing defendant to refrain from any contact with the victim, defendant was charged by indictment with three counts each of criminal contempt in the first degree and aggravated harassment in the second degree. The matter proceeded to a trial and, at the close of evidence, the People requested that the jury be instructed to consider criminal contempt in the second degree as a lesser included offense of criminal contempt in the first degree. Over defendant's objection, County Court granted the request and so charged the jury. The jury ultimately returned a verdict convicting defendant of three counts of criminal contempt in the second degree, as lesser included offenses of the charges of criminal contempt in the first degree, and acquitted defendant of the aggravated harassment charges. County Court denied defendant's subsequent motion to vacate the convictions and sentenced defendant to concurrent one-year conditional discharges on each count. Defendant now appeals, solely challenging County Court's lesser included offense ruling.

To establish entitlement to a lesser included offense charge, the party seeking the charge must demonstrate, first, "that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" and, second, that there is "a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *see* CPL 1.20 [37]; 300.50 [1], [2]; *People v Glover*, 57 NY2d 61, 63-64 [1982]). The first prong of this analysis "requires the court to compare the statutes in the abstract, without reference to any factual particularities of the underlying prosecution" (*People v Repanti*, 24 NY3d 706, 710 [2015]; *see People v Davis*, 14 NY3d 20, 23 [2009]; *People v Glover*, 57 NY2d at 64). In contrast, the second prong "calls for an assessment of the evidence of the particular criminal transaction in the individual case" (*People v Glover*, 57 NY2d at 64) and requires that there be " 'some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispensable to establishment of the higher crime

and yet accept so much of the proof as would establish the lesser crime' " (*People v Rivera*, 23 NY3d 112, 121 [2014], quoting *People v Scarborough*, 49 NY2d 364, 369-370 [1980]; *accord People v Acevedo*, 141 AD3d 843, 845 [2016]).

Turning to the applicable statutory provisions, a defendant is guilty of criminal contempt in the first degree when, in violation of an order of protection "of which the defendant has actual knowledge because he or she was present in court when such order was issued," and "with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued," he or she "repeatedly makes telephone calls to such person . . . with no purpose of legitimate communication" (Penal Law § 215.51 [b] [iv]). A conviction for criminal contempt in the second degree requires, as relevant here, that the defendant engage in "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court" (Penal Law § 215.50 [3]). Here, an abstract comparison of the relevant statutes plainly reveals that it would be theoretically impossible to engage in conduct sufficient to constitute criminal contempt in the first degree, as defined in Penal Law § 215.51 (b) (iv), without, at the same time, engaging in conduct sufficient to constitute criminal contempt in the second degree, as defined in Penal Law § 215.50 (3) (*see People v VanDeWalle*, 46 AD3d 1351, 1353 [2007], *lv denied* 10 NY3d 845 [2008]; *cf. People v Mingo*, 66 AD3d 1043, 1044-1045 [2009], *lv denied* 14 NY3d 843 [2010]; *People v Brown*, 61 AD3d 1007, 1010 [2009]).

As for the second prong of the inquiry, the trial evidence, including the recorded voice mail messages left by defendant on the victim's cell phone, demonstrated that defendant made a series of telephone calls to the victim in December 2011, January 2012 and February 2012 in violation of a valid order of protection that was issued in favor of the victim by the Deposit Village Court in a proceeding at which defendant was present. Although the victim characterized defendant's telephone calls and messages as "irrational," there was a reasonable basis in the record for the jury to find that defendant did not make the telephone calls with the "intent to harass, annoy, threaten or alarm" the victim, as the calls often referenced the victim's daughter's well-being (Penal Law § 215.51 [b] [iv]). Accordingly, there was a reasonable view of the evidence to support the finding that defendant committed criminal contempt in the second degree by intentionally disobeying the order of protection (*see* Penal Law § 215.50 [3]), but that he did not do so with the intent required for criminal contempt in the first degree under Penal Law § 215.51 (b) (iv). As such, County Court's lesser included offense charge was proper.

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.

Ordered that the judgment is affirmed.