People v Taylor (2018 NY Slip Op 05371)





People v Taylor


2018 NY Slip Op 05371


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

108253

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RONALD A. TAYLOR JR., Appellant.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered August 11, 2015, upon a verdict convicting defendant of the crime of burglary in the second degree.
During the early morning hours of September 16, 2014, the victims awoke to discover a man looking around their apartment while using his cell phone as a flashlight. When one of the victims left the bed to pursue defendant, he fled the apartment. The victims reported the incident to police later that same day, identifying defendant as the intruder and claiming that a roll of quarters was missing from their living room. Defendant was subsequently arrested and charged by indictment with burglary in
the second degree and petit larceny. Following a jury trial, he was convicted of the burglary charge but acquitted of the larceny charge. County Court sentenced defendant, as a second violent felony offender, to nine years in prison followed by five years of postrelease supervision. He now appeals.
Defendant contends that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence, specifically contesting the element of intent. Defendant's challenge to the legal sufficiency of the evidence is unpreserved for our review, as his motion for a trial order of dismissal was not premised on the specific ground now being raised on appeal (see People v Luciano, 152 AD3d 989, 993 [2017], lv denied 30 NY3d 1020 [2017]; People v Gray, 151 AD3d 1470, 1472 [2017], lv denied 30 NY3d 949 [2017], cert denied [*2]___ US ___, 138 S Ct 1295 [2018]). Because defendant also attacks the verdict as against the weight of the evidence, we will consider the evidence adduced as to each element of the crime in the context of that review (see People v Chaneyfield, 157 AD3d 996, 996 [2018], lv denied 31 NY3d 1012 [2018]; People v Ford, 156 AD3d 1242, 1242 [2017], lv denied 31 NY3d 1013 [2018]). "Where, as here, a different verdict would not have been unreasonable, we weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Devictor-lopez, 155 AD3d 1434, 1435 [2017] [internal quotation marks and citation omitted]; see People v Kancharla, 23 NY3d 294, 302-303 [2014]).
Insofar as is relevant here, a person is guilty of burglary in the second degree if he or she knowingly enters a dwelling with intent to commit a crime therein (see Penal Law § 140.25 [2]). Generally, there is no requirement that the People allege or establish the particular crime that the defendant intended to commit upon entering the dwelling (see People v Cajigas, 19 NY3d 697, 701 [2012]; People v Jones, 155 AD3d 1111, 1112 [2017], lv denied 31 NY3d 984 [2018]). However, where the People expressly limit their theory of liability to the intent to commit a specific crime, they are bound to prove the defendant's intent to commit that crime (see People v Lewis, 5 NY3d 546, 552 n 7 [2005]; People v Barnes, 50 NY2d 375, 379 n 3 [1980]; People v Sanford, 148 AD3d 1580, 1582 [2017], lv denied 29 NY3d 1133 [2017]). Because the indictment, as amplified by the bill of particulars, expressly limited the theory of the burglary to the intent to commit a petit larceny, the People had the burden of proving that, at the time he entered the victims' home, defendant intended to steal property while inside (see Penal Law § 155.25).
The trial testimony established that defendant entered the darkened home of the victims, without their permission, and used his cell phone as a flashlight as he surreptitiously examined the contents within. When the victims awoke and confronted defendant, he offered no explanation for his presence and instead ran from the home. One of the victims pursued defendant as he ran out of the apartment and down the street, but was unable to catch him. Defendant's flight can be considered as evidence of consciousness of guilt (see People v Sabines, 121 AD3d 1409, 1410 [2014], lv denied 25 NY3d 1171 [2015]; People v Bell, 108 AD3d 795, 797 [2013], lv denied 22 NY3d 995 [2013]), and his intent to steal property while inside the apartment may be readily inferred from his unexplained presence on the premises, his actions while inside and his conduct when confronted by the victims (see People v Womack, 143 AD3d 1171, 1171 [2016], lv denied 28 NY3d 1151 [2017]; People v Briggs, 129 AD3d 1201, 1203 [2015], lv denied 26 NY3d 1038 [2015]; People v Morrison, 127 AD3d 1341, 1342-1343 [2015], lv denied 26 NY3d 932 [2015]). Upon evaluating the evidence in a neutral light and giving due deference to the jury's credibility assessments, we find the verdict to be in accord with the weight of the evidence (see People v Sabines, 121 AD3d at 1410-1411; People v Ostrander, 46 AD3d 1217, 1218 [2007]; People v Thomas, 38 AD3d 1134, 1136 [2007], lv denied 9 NY3d 852 [2007]).
We are similarly unpersuaded by defendant's contention that County Court erred in denying his request to charge trespass as a lesser included offense of the burglary charge. "A defendant is entitled to a lesser included offense charge upon request when (1) it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Morrison, 127 AD3d at 1344 [internal quotation marks, brackets and citations omitted]; see People v Defilippo, 152 AD3d 860, 861 [2017]). While there is no dispute that the first prong of the test has been met (see People v Rickett, 94 NY2d 929, 930 [2000]; People v Alsaifullah, 96 AD3d 1103, 1104 [2012], lv denied [*3]19 NY3d 994 [2012]), there is no reasonable view of the evidence that defendant did not intend to steal property when he entered the victims' apartment. Considering the victims' description of the encounter, as well as the corresponding "absence of any evidence suggesting a noncriminal purpose for entry" (People v Martinez, 9 AD3d 679, 681 [2004], lvs denied 3 NY3d 705, 709 [2004]; accord People v Morrison, 127 AD3d at 1344; People v Alsaifullah, 96 AD3d at 1104), we find no error in County Court's refusal to charge the lesser included offense.
Defendant's challenge to County Court's jury instruction on the burglary charge is unpreserved for our review, as he failed to raise an objection thereto (see CPL 470.05 [2]; People v Valcarcel, 160 AD3d 1034, 1038 [2018], lvs denied ___ NY3d ___ [May 31, 2018]; People v Gray, 151 AD3d at 1475). In any event, despite an apparent misstatement at one point during the instruction, County Court immediately went on to provide a correct statement of the relevant law. Thus, were we to consider the issue, we would find that the "court's charge, taken as a whole, conveyed to the jury the correct standard" (People v Medina, 18 NY3d 98, 104 [2011] [internal quotation marks and citations omitted]; see People v Smith, 16 NY3d 786, 788 [2011]; People v Fields, 87 NY2d 821, 823 [1995]; People v Gibson, 121 AD3d 1416, 1419 [2014], lv denied 24 NY3d 1119 [2015]; People v Encarnacion, 190 AD2d 607, 608 [1993], lv denied 81 NY2d 1072 [1993]).
Finally, we reject defendant's assertion that he was deprived of the effective assistance of counsel. Defendant's claim of ineffective assistance is largely premised on counsel's failure to utilize the information set forth in the bill of particulars to argue to the jury that there was no evidence that defendant entered the residence in question with the intent to commit the specific crime of petit larceny. Yet, defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" for defense counsel's failure to pursue this course of action (People v Benevento, 91 NY2d 708, 712 [1998] [internal quotation marks and citations omitted]; see People v Garcia, 75 NY2d 973, 974 [1990]; People v Rivera, 71 NY2d 705, 709 [1988]). Throughout the trial, defense counsel vigorously pursued a misidentification defense, attempting to undermine the victims' credibility due to their delayed report of the incident to police and to cast doubt on the reliability of the identification based upon the victims' limited opportunity to observe him, as well as the inadequacy of the lighting conditions. Counsel could have reasonably determined that focusing on defendant's criminal intent, or lack thereof, when he entered the home "would have undermined the claim that he was simply not there at all" (People v Howard, 22 NY3d 388, 401 [2013]; see People v DeGina, 72 NY2d 768, 777 [1988]; People v Diaz, 149 AD3d 974, 975 [2017]; People v Clark, 129 AD3d 1, 11 [2015], affd 28 NY3d 556 [2016]; People v Duffy, 119 AD3d 1231, 1234 [2014], lv denied 24 NY3d 1043 [2014]; People v Gordon, 92 AD3d 580, 581 [2012], lv denied 19 NY3d 864 [2012]; People v Thaddies, 50 AD3d 1249, 1250 [2008], lv denied 10 NY3d 965 [2008]). Under these circumstances, we will not second-guess defense counsel's plausible decision to avoid this "hazardous tactic" (People v DeGina, 72 NY2d at 777) and to instead focus exclusively on the issue of misidentification (see People v Howard, 22 NY3d at 401; People v Diaz, 149 AD3d at 975; People v Duffy, 119 AD3d at 1234; People v Gordon, 92 AD3d at 581; People v Stokes, 25 AD3d 332, 333 [2006], lv denied 6 NY3d 839 [2006]).
Further, while we agree that counsel should have requested that the jury instruction on the burglary charge reflect the theory to which the prosecution had limited itself, this is not one of the "rare cases" in which a single error on the part of counsel "'is so clear-cut, egregious and decisive that it [served to] overshadow and taint the whole of the representation'" and, thus, deprive defendant of a fair trial (People v Keschner, 25 NY3d 704, 724 [2015], quoting People v Blake, 24 NY3d 78, 81 [2014]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Fauntleroy, 108 AD3d 885, 887 [2013], lv denied 21 NY3d 1073 [2013]; People v Albanese, 38 [*4]AD3d 1015, 1018 [2007], lv denied 8 NY3d 981 [2007]). Based upon the evidence adduced at trial, and considering that petit larceny was the only other crime charged, "there was not a reasonable likelihood that the error alone changed the outcome of the case" (People v Gunney, 13 AD3d 980, 983 [2004], lv denied 5 NY3d 789 [2005]; see People v Blake, 24 NY3d 78, 81 [2014]; People v Albanese, 38 AD3d at 1018; People v Neal, 262 AD2d 1002, 1003 [1999], lv denied 93 NY2d 1023 [1999]). Defense counsel made cogent opening and closing statements, lodged appropriate objections, effectively cross-examined the People's witnesses, pursued a viable, albeit unsuccessful, misidentification defense and otherwise zealously represented defendant. Based upon our review of the record as a whole, we are satisfied that defendant received meaningful representation (see People v Blake, 24 NY3d at 81; People v Benevento, 91 NY2d at 712-713; People v Thompkins, 133 AD3d 899, 901 [2015]; People v Wilson, 112 AD3d 1317, 1318 [2013], lv denied 23 NY3d 1069 [2014]; People v Thomas, 33 AD3d 1053, 1055 [2006], lv denied 8 NY3d 885 [2007]).
Garry, P.J., McCarthy, Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.