People v Howard (2019 NY Slip Op 06545)





People v Howard


2019 NY Slip Op 06545


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

109352

[*1]The People of the State of New York, Respondent,
v
Jason Howard, Appellant.

Calendar Date: August 21, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered March 3, 2017 in Albany County, upon a verdict convicting defendant of the crimes of strangulation in the second degree and sexual abuse in the first degree.

 Defendant was charged by indictment with burglary in the second degree, criminal obstruction of breathing or blood circulation, three counts of sexual abuse in the first degree, strangulation in the second degree and petit larceny. These charges stemmed from two incidents that occurred between defendant and the victim — who were in a nonexclusive sexual relationship. Defendant thereafter filed a pro se motion to dismiss the indictment claiming that he was not afforded the opportunity to testify in front of the grand jury and that his right to a speedy trial was violated. Supreme Court declined to address the pro se motion and defendant was subsequently convicted, after a jury trial, of strangulation in the second degree and one count of sexual abuse in the first degree. Defendant was thereafter sentenced, as a second felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision, for the strangulation conviction and to a consecutive prison term of seven years, to be followed by 10 years of postrelease supervision, for the sexual abuse conviction. Defendant appeals, and we affirm.

 We are unpersuaded by defendant's assertion that Supreme Court erred by declining to rule on defendant's pro se motion to dismiss the indictment. "Because defendants are not entitled to hybrid representation, courts may refuse to recognize any efforts by a counseled defendant to act on his or her own behalf" (People v Alsaifullah, 96 AD3d 1103, 1103 [2012] [citation omitted], lv denied 19 NY3d 994 [2012]; see People v Rodriguez, 95 NY2d 497, 501 [2000]). It is uncontroverted that defendant had counsel at the time that he filed his pro se motion to dismiss the indictment. Accordingly, it was within Supreme Court's discretion to decline to address defendant's pro se motion (see People v Rodriguez, 95 NY2d at 502; People v Alsaifullah, 96 AD3d at 1103).

 Defendant's remaining arguments are unpreserved. Specifically, defendant's contention that his conviction for sexual abuse in the first degree is not supported by legally sufficient evidence is unpreserved for our review given his failure to advance the specific ground he now relies upon in his trial motion to dismiss (see People v Van Alphen, 167 AD3d 1076, 1077 [2018], lv denied 32 NY3d 1210 [2019]; People v Maldonado, 165 AD3d 1486, 1487 [2018]). Likewise, defendant's argument that the jury's verdict convicting him of strangulation in the second degree was inconsistent given the acquittal on the charge of criminal obstruction of breathing or blood circulation was not preserved for our review through an appropriate, timely objection before the jury was discharged (see People v Maeweather, 172 AD3d 1646, 1649 [2019]; People v Poulin, 159 AD3d 1049, 1052-1053 [2018], lv denied 32 NY3d 940 [2018]).

 Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.



 ORDERED that the judgment is affirmed.