People v File (2022 NY Slip Op 00077)





People v File


2022 NY Slip Op 00077


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

111119
[*1]The People of the State of New York, Respondent,
v
James File, Appellant.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Matthew C. Hug, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered November 14, 2018, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts), menacing in the second degree, stalking in the third degree, criminal mischief in the fourth degree, criminal trespass in the second degree and criminal contempt in the second degree.
On January 8, 2018, defendant sent his then-paramour (hereinafter the victim) multiple text messages and voicemails after he discovered a car belonging to the victim's male coworker in her garage. The next day defendant broke into the victim's home through the front door and threatened to kill the victim with a gun. Defendant was eventually removed from the victim's home upon the arrival of the police. In connection with this incident, defendant was charged in a multicount indictment with various crimes. Following a jury trial, defendant was convicted of burglary in the second degree (two counts), menacing in the second degree, stalking in the third degree, criminal mischief in the fourth degree, criminal trespass in the second degree and criminal contempt in the second degree. County Court thereafter sentenced defendant to concurrent prison terms, the greatest of which was 12 years, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant argues that the convictions for burglary in the second degree, menacing in the second degree and stalking in the third degree were not supported by legally sufficient evidence because the People failed to prove that he intended to commit a crime in the victim's home or that he intentionally caused the victim to be in reasonable fear of physical injury.[FN1] The trial evidence reveals that, on January 8, 2018, the victim had received multiple text messages and voicemails from defendant. The victim described these messages and voicemails as "non-stop insulting" and that defendant was "screaming at [her] and demanding to know whose car was in [her] garage." In the early hours of January 9, 2018, the victim heard banging on her door and saw it was defendant. The victim testified that, as defendant pounded on the door, she called 911 and tried to hide in her room and that she was "scared out of [her] mind." Defendant eventually walked into her bedroom and sat on the edge of her bed with a gun demanding an explanation as to her relationship with her coworker. The victim testified that defendant then pointed the gun at her and threated to kill her and himself and that defendant told her that "it was all [her] fault." The police eventually arrived at the victim's home and secured defendant.
The People also tendered evidence demonstrating that the victim's front door had been "busted in." According to the victim, defendant did not have a key to her home and all of the doors to her home were locked. The jury additionally heard the recording of the victim's call to 911, which had been kept open when [*2]defendant confronted the victim in her bedroom. The victim explained that she did not tell the 911 operator that defendant had threatened her because she was scared and was trying to calm down defendant. Viewing the trial evidence in the light most favorable to the People and noting that intent may be inferred based upon how defendant entered the victim's home and his conduct therein after entering (see People v Shamsuddin, 167 AD3d 1334, 1334-1335 [2018], lv denied 33 NY3d 953 [2019]; People v Arce, 70 AD3d 1196, 1198 [2010]), defendant's legal sufficiency argument is without merit (see People v Brown, 195 AD3d 1163, 1166-1167 [2021], lv denied 37 NY3d 1025 [2021]; People v Spinac, 185 AD3d 498, 498-499 [2020], lv denied 35 NY3d 1070 [2020]).
As to defendant's weight of the evidence contention, a contrary result would not have been unreasonable had the jury credited the evidence that defendant came to the victim's apartment for the purpose of talking about their relationship or his suicidal ideations. That said, the jury apparently rejected this evidence. Viewing the evidence in a neutral light, the challenged convictions are supported by the weight of the evidence (see People v Porter, 184 AD3d 1014, 1017-1018 [2020], lv denied 35 NY3d 1069 [2020]; People v Saylor, 173 AD3d 1489, 1492 [2019]; People v Rockefeller, 89 AD3d 1151, 1151-1152 [2011], lv denied 20 NY3d 1064 [2013]; People v Beverly, 74 AD3d 1480, 1481 [2010], lv denied 15 NY3d 802 [2010]). To the extent that defendant characterizes the victim's testimony as suspect, deference is given to the jury's credibility assessments and nothing in the record indicates that the victim's testimony was incredible as a matter of law (see People v Bonaparte, 196 AD3d 866, 868 [2021], lv denied 37 NY3d 1025 [2021]; People v Bautista, 147 AD3d 1214, 1216 [2017]).
Defendant asserts that County Court (Sober, J.) erred in denying his motion for a mistrial after the jury expressed that it could not reach a unanimous verdict. We disagree. "The decision to declare a mistrial based upon a deadlocked jury necessarily rests in the broad discretion of the trial court, which is best situated to take all the circumstances into account and determine whether a mistrial is in fact required in a particular case" (People v Silver, 168 AD3d 1225, 1227 [2019] [internal quotation marks, brackets and citations omitted], lvs denied 33 NY3d 948, 954 [2019]; see People v Baptiste, 72 NY2d 356, 360 [1988]; People v Cammarere, 204 AD2d 762, 764 [1994], lv denied 83 NY2d 965 [1994]).
The record reflects that the jury heard testimony from eight witnesses over the span of three days. Following lunch on the third day, the jury began its deliberations. The jury continued its deliberations on the next business day, but it only did so for approximately 2½ hours. The next morning the jury sent a note stating that it could not reach a unanimous decision on three counts and that further deliberations would not enable it to [*3]do so. County Court then gave an Allen charge. Later that afternoon, the jury sent another note once again indicating that it still was unable to reach a unanimous verdict. Defendant moved for a mistrial, which the court denied, and a second Allen charge was given. The jury thereafter requested to be re-read an instruction and then reached its verdict. In view of the foregoing and taking into account that, when defendant moved for a mistrial, the jury had only been deliberating for approximately nine hours, the denial of defendant's motion for a mistrial did not constitute an abuse of the court's discretion (see People v Silver, 168 AD3d at 1228; People v Gonzalez, 64 AD3d 1038, 1042 [2009], lv denied 13 NY3d 796 [2009]; People v Wyche, 79 AD2d 1070, 1071 [1981]). To the extent that defendant contends that the second Allen charge was coercive, defendant did not object to it and, therefore, such contention is unpreserved (see People v Wideman, 192 AD3d 1384, 1386 [2021], lvs granted 37 NY3d 1060, 1062 [2021]).
Defendant's argument that County Court erred in denying his request that trespass be charged as a lesser included offense to burglary in the second degree — specifically, count 1 alleging that defendant committed a crime under Penal Law § 140.25 (1) — is without merit. As the court found, there was no reasonable view of the evidence that would support the finding that defendant committed trespass but not burglary (see People v Miles, 55 AD3d 955, 955-956 [2008], lv denied 11 NY3d 928 [2009]; People v Martinez, 9 AD3d 679, 681 [2004], lvs denied 3 NY3d 705, 709 [2004]). Defendant contends that the verdict was legally inconsistent but, because he did not raise this issue prior to the discharge of the jury, his contention is unpreserved (see People v Satloff, 56 NY2d 745, 746 [1982]; People v Pearson, 69 AD3d 1226, 1227 [2010], lv denied 15 NY3d 755 [2010]). Finally, notwithstanding defendant's lack of a criminal history, the record fails to disclose an abuse of discretion or extraordinary circumstances warranting a modification of the imposed sentence (see People v Smith, 140 AD3d 1396, 1398 [2016], lv denied 28 NY3d 936 [2016]; People v Vanness, 106 AD3d 1262, 1264-1265 [2013], lv denied 22 NY3d 1044 [2013]).
Garry, P.J., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's legal sufficiency argument, to the extent directed at the menacing in the second degree conviction, is unpreserved (see People v Turner, 172 AD3d 1768, 1771 n [2019], lvs denied 34 NY3d 930, 939 [2019]).